STATE EX REL. DARTHA CARTER AND EZEKIEL M. CARTER, HER HUSBAND, *Plaintiffs in Error v.* HONORABLE RHYDEN M. CALL, JUDGE OF THE FOURTH JUDICIAL CIRCUIT OF FLORIDA, *Defendant in Error.*

1. Section 3151 General Statutes of 1906, giving a trial court discretionary power in a suit for damages for personal injury to appoint a physician to make a physical examination of an injured party, is to be construed with due regard to the rights of the parties, and its scope is not to be extended beyond the terms of the statute; and if an X-Ray examination is deemed necessary, he may make such examination himself, but he is not authorized to take X-Ray photographs of the person of the injured party; nor is he authorized to appoint a photographer to use the X-Ray or to take X-Ray photographs without the consent of the injured party.

2. If a physician is appointed by a trial court to make the physical examination provided for in section 3151 General Statutes of 1906, and the injured party refuses to permit the physician to make an X-Ray examination of her person when

such an examination is necessary, the trial judge commits no error in continuing the case because of this action of the injured party.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*Bisbee & Bedell* and *A. H. King,* for Plaintiffs in Error;

*Alex. St. Clair-Abrams,* for Defendant in Error.

Hocker, J.—This is a mandamus proceeding instituted against the Judge of the Fourth Judicial Circuit of Florida, and comes up on a motion to quash the writ.

It appears that the relators brought an action at law for damages for personal injuries sustained by relator Dartha Carter against the Florida East Coast Railway Company. Declaration was filed October 3rd, 1910. Pleas were filed and issue joined in September, 1911. The defendant company moved the court to require the relator Dartha Carter to submit to such a physical examination of her person as shall be reasonably sufficient to determine her physical condition at the time of trial, and the nature and extent of her alleged injuries. The Circuit Judge granted the motion, and appointed a physician of Jacksonville, Florida, to examine the said Dartha Carter in the presence of one or more physicians or attendants of the said Dartha, if she desired their presence. The order required the physician to make and file a report in the Clerk's office, and furnish a copy of the same to the attorneys. On the 13th, of February, 1912, the physician addressed a letter to the Circuit Judge, filed in the case, stating that he was unable to determine the exact and

true character of the physical conditions "presenting," due to the refusal of Dartha Carter herself, and through her attorney, Mr. A. H. King, to consent to an X-ray examination being made, such X-Ray examination being in his opinion absolutely necessary. A continuance of the case was applied for by the defendant and granted, on the ground, amongst others, that Dartha Carter refused to submit to the taking of an X-Ray examination. On May 21st, 1912, the physician appointed by the Judge informed him by letter that Dartha Carter still refused to submit to an X-Ray examination. On June 3rd, 1912, the case was called for trial, and the plaintiffs announced ready. The defendant moved for a continuance on the ground that Dartha Carter still refused to submit to an X-Ray examination. Plaintiffs announced in open court that photographs of Dartha Carter had been recently taken by Dr. Carey P. Rogers, an eminent surgeon of the highest professional attainments, of Jacksonville, which exhibited fairly Dartha Carter's condition; that these were ready to be offered in open court, and had been offered to the physician appointed by the court; that Dartha Carter had at no time refused to submit to an X-Ray examination by the physician appointed by the court, who had at no time offered to take such pictures, but had insisted that they be taken by a photographer personally objectionable to the plaintiffs, and plaintiffs offered to prove that the photographer designated by the physician appointed by the court was an improper person to take said photographs. The judge replied in substance: "I have made an order for an examination by Dr. L.; that order must be complied with. If you have any objections to the person designated by Dr. L. to take the pictures, you must make those objections to Dr. L. Until that order is complied with this case can not be tried, and the motion

for continuance is granted.   The plaintiffs' counsel excepted to this ruling and requested the Judge to enter a judgment of non-suit in the said cause, which request the Judge responded to in substance, as follows: "No jury has been empanelled in this case.   There can be no non-suit.   The order will be that the case stand continued." The case was continued.   To the ruling refusing a non-suit and continuing the case, the plaintiffs excepted.   The relators allege that as the Judge will not enter a non-suit, and will not proceed, they are remediless.   The authority of the court to appoint a physician to make a physical examination of a party suing for damages for physical injury rests in this State solely on Section 3151 General Statutes of 1906, which is as follows:

"In all actions brought in the courts of this State to recover damages for personal injuries alleged to have been sustained, it shall be discretionary with the trial court, upon motion of the defendant, to require the injured party, if living, either before or at the time of the trial of the cause, to submit to such physical examination of his or her person as shall be reasonably sufficient to determine physical condition at the time of trial and the nature and extent of the alleged injuries.   The physical examination provided shall be made by a physician to be named by the court in the presence of one or more physicians or attendants of the injured party, if the party so desires.   The compensation of the examining physician shall be fixed by the court in each particular case, and shall be in the first instance paid by the party petitioning for such examination but shall be taxed up as a part of the costs of the case subject to the final disposition of the same."

This section reposes a discretion in the trial Judge which should be exercised with due regard to the rights

of the parties. The practice authorized by this section seems to have been unknown to the Common Law, and should not be extended beyond the terms of the statute. 16 Am. & Eng. Ency. Law (2nd. ed) 811-815. The physician appointed to conduct the examination should possess the skill and qualifications requisite to an intelligent performance of that duty. Atchinson, T. & St. F. R. R. Co. v. Thul, 29 Kan. 466.

It seems to us that under the authority of this statute a trial Judge may, in the exercise of a sound discretion, on the motion of the defendant, appoint a physician, for the purposes indicated in the statute, that such physician must himself make the physical examination which the statute authorizes, that while he may use the X-Ray in his examination he has no authority to take X-Ray photographs of the person of the party examined without his or her consent, and much less has he authority to appoint an outside photographer to use the X-Ray, or to take such photographs. The reasons for confining the statute to its expressed terms, it seems to us, are obvious, and conspicously so in a case like the instant one.

From the pleadings before us it appears that the respondent Judge acting upon two reports, made to him by the physician appointed to examine the plaintiff, to the effect that she had refused to permit him to make an X-Ray examination of her person, continued the cause. This ruling was proper if as a matter of fact the plaintiff did refuse to permit such physician to make such X-Ray *examination,* but the physician appointed by the court had no authority to make himself or to have a photograph made by another, without the consent of the plaintiff. The Judge's refusal to permit the trial of the case until the plaintiff does permit such effectual examination to be made, would continue to be proper. The allegations of

the alternative writ in these respects is incomplete, indefinite and defective, and is therefore hereby quashed and dismissed at the cost of the relator.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and COCKRELL, J. J., concur.

---

## ON REHEARING.

PER CURIAM—A petition for rehearing herein suggests that it is impracticable for the physician appointed by the court under the statute to make the physical examination of the plaintiff in the action to recover damages for personal injuries without the use of an X-Ray machine and the assistance of an expert radiologist to operate the machine and make the plate under the instructions of the examining physician and that as the person to be examined refuses to submit to a physical examination in the presence of any other person than the appointed physician except such persons as she may select, this court is asked to so construe the statute as to allow the examining physician to have with him at the physical examination such assistances as he thinks to be necessary to a proper examination. The statute is the only authority for making a physical examination of a person who is suing for personal injuries, and the statute expressly provides that the appointment of the physician to make the physical examination "shall be discretionary with the trial court, upon motion of the defendant, to require the injured party, if living . . . . . . . . to submit to such physical examination of his or her person as shall be reasonably sufficient to determine physical condition at the time of trial and the nature and extent of the alleged injuries. The physical examination provided shall be made by a physician to be named by the court in

the presence of one or more physicians or attendants of the injured party, if the party so desires." Under this statutory authority, which is the sole guide in the matter, if the injured party objects to the presence of other persons than the appointed physician at the physical examination, and the appointed physician cannot make a proper physical examination of the injured party without other persons to assist him, it is within the discretion of the trial court to appoint another physician who can make the examination as contemplated by the statute; but that court is without authority to compel the presence of another than the physician appointed by him.

Rehearing denied.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.