(No. 11729.—Reversed and remanded.)

THE PEOPLE *ex rel.* Horace B. Shaw, County Collector, Appellee, *vs.* ALICE STEWART *et al.* Appellants.

*Opinion filed December 19, 1917.*

1. STATUTES—*legislature is presumed to have re-enacted a law in view of construction of original act.* Where a statute in its most essential provisions is but a re-enactment of a pre-existing statute on the subject it is to be presumed that the legislature re-enacted the law in view of the construction previously placed upon it by the Supreme Court.

2. SAME—*where there is no ambiguity there is no room for construction.* Where there is no ambiguity in the language used in a statute or reasonable doubt as to its meaning there is no room for construction by the courts.

3. SCHOOLS—*word "township," in section 94 of the School law, means a congressional township.* In the revision of 1909 of the School law, where the word "township" is used a congressional township is meant unless by express language some other interpretation is indicated, and section 94 of the act providing for annexation of adjoining territory to "an adjacent township in which a township high school has been established" does not authorize annexation to an adjacent high school district organized under section 88 and consisting of parts of adjoining townships.

4. SAME—*high school district organized under section 88 of the School law is neither a congressional nor a high school township.* A high school district organized under section 88 of the School law

is neither a congressional nor a high school township, as that section does not make a high school district created out of parts of adjoining townships a township for high school purposes, but only provides that the remaining portion of such township not included in such high school district shall constitute a township for high school purposes.

5. ESTOPPEL—*there is no estoppel, in law, for participation in an unauthorized act.* Where there is no authority, in law, for the doing of the thing attempted to be done, no estoppel can arise, in law, against a party participating in such unlawful attempt to assert the want of a law authorizing the doing of such act.

6. TAXES—*when objection to the legality of annexation may be raised.* Whether territory has been legally annexed to a municipal corporation or other taxing district is a question which may be raised by objection on application for judgment and order of sale for the first taxes levied after such annexation.

APPEAL from the County Court of Ford county; the Hon. MALCOLM L. McQUISTON, Judge, presiding.

BERT W. ADSIT, for appellants.

F. M. THOMPSON, State's Attorney, (KERR & LINDLEY, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an application by Horace B. Shaw, county treasurer and *ex-officio* county collector of Ford county, for judgment and order of sale for a delinquent high school tax levied and assessed by district No. 114, called the Cabery High School District, situated in Ford and Kankakee counties, this State. Appellants appeared and filed written objections to the application for judgment, which were overruled. This appeal followed.

There is no dispute as to the facts. The Cabery High School District was organized in April, 1913, under the provisions of section 88 of the School law of 1909. As originally organized it embraced eight and one-quarter sections in Norton township, in Kankakee county, and eight sections

in Rogers township, in Ford county. No question is raised
as to the legality of the organization of this territory into
a high school district. As organized the district did not
include all of the lands in Norton township. Thereafter
such further proceedings were had that on December 13,
1915, eight and one-half sections in Norton township were
declared annexed to this high school district. No question is
raised as to the regularity of the proceedings had for the
annexation of this territory or that the same was not prop-
erly annexed to such district if there was any law authoriz-
ing the annexation of such territory to a high school district
organized under section 88 of the School law. The tax
involved is that levied on the portion of the land attempted
to be annexed to such high school district by virtue of the
proceedings had December 13, 1915. The sole question pre-
sented is as to the validity of such annexation proceedings.

Appellants contend that there is no law which author-
izes a high school district organized under section 88 of the
School law, embracing parts of two or more townships, to
annex any additional territory to such high school district
lying in such townships and outside of such district as origi-
nally organized. This contention is based upon the word-
ing of the School law, which provides for the organiza-
tion of high school districts under four different conditions:
First, for the organization of a school township as a high
school district, under section 85; second, for the organiza-
tion of two or more adjacent townships, or two or more
adjoining school districts in the same or different townships,
into a high school district, under section 87; third, for the
organization of parts of two or more adjoining townships
as a high school district, under section 88; and fourth, for
the organization of a high school district out of a school
district containing 2000 or more inhabitants, under sec-
tion 89, which specifically makes provision for the annex-
ation of adjacent territory to high school districts organ-
ized under that section.

The objections are to the first taxes levied for high school purposes on the lands in question after they were annexed to the district. It is conceded by counsel for appellee that if there was no law under which the lands could be annexed to the district the question of the validity of the tax can be raised in this proceeding, and such is the law. *American Loan and Trust Co.* v. *Minnesota and Northwestern Railroad Co.* 157 Ill. 641; *Gale* v. *Knopf,* 193 id. 245.

Section 88, under which the district in question was organized, provides as follows: "The inhabitants of any territory composed of parts of adjoining townships may create such territory into a high school district by a petition signed by at least fifty legal voters and an affirmative vote in such territory, and may elect a board of education therefor, as in other high school districts. When part of a township has been included in any high school district pursuant to any of the provisions of this act, the remainder of such township, not included in any high school district, shall constitute a township for high school purposes." (Hurd's Stat. 1916, p. 2358.)

The appellants insist that as neither this section nor section 87 makes any provision for the annexation of adjacent territory to high school districts organized under those sections, the only high school districts which possess the power of annexation are those organized under sections 85 and 89 of the act, which latter section makes express provision for such proceedings.

It will be noted that the legislature, in revising the School law in 1909 and making provision for the organization of high school districts under sections 85, 86 and 87 of that act, made no reference to or provision whatever for the annexation of territory to a high school district organized under the provisions of any of those sections. The provision for the annexation of adjoining territory to high school districts organized under that act, with the exception of those organized under section 89, is contained in sec-

tion 94 of the act, which provides as follows: "A township or part of a township in which there is no township high school may be annexed, in the manner hereinafter provided, to an adjacent township in which a township high school has been established. Upon petition of five per cent of the legal voters of the territory to be annexed, and of the township to which annexation is desired, filed with the treasurers of the respective townships at least fifteen days preceding the regular election of trustees of schools, the respective treasurers shall give notice to the voters concerned that an election for or against annexing the township or part of a township, as the case may be, will be held at the next regular election of trustees of schools in each township, by posting notices of such election in at least ten of the most public places in the territory to be annexed, and in the adjacent townships, at least ten days before the date of such regular election. Such notice shall be in the following form:" (Giving the form of the notice to be used in the calling of such elections.)

The vital question in this case is the construction that is to be given the word "township," as used in this section. If by it is meant "congressional township," then it is manifest that none but districts organized under section 85 of the act possess the power of annexation by virtue of the provisions of this section, for none but districts organized under such section would necessarily embrace the whole of any congressional township. In this connection it is to be observed that the School law recognizes two forms of townships: First, the congressional township, which is made a school township for general school purposes by section 19 of the act; and second, the high school township, which is made a school township for high school purposes by sections 88 and 93 of the act. Section 88 provides the portions of any township remaining after the organization of high school districts, as provided in that section, "shall constitute a township for high school purposes," while section 93 pro-

281 — 24

vides that any township in a county under township organization which contains two political towns divided by a navigable stream, each of which contains a city of not less than 1000 nor more than 100,000 inhabitants, shall constitute a township, under the act, for high school purposes. Townships of the latter class embrace a smaller area than that included in a congressional township.

In *Trustees of Schools* v. *People,* 161 Ill. 146, in construing the provisions of section 19 of the act of 1889, we held that where a congressional township is declared a township for school purposes, the further reference to school townships in subsequent paragraphs of the same act must be held to have reference to what has previously been declared to be a school township, and to mean a congressional township unless by express language some other interpretation is declared. The present School law in its most essential provisions is but a re-enactment of the law of 1889, and it is to be presumed that the legislature re-enacted that law in view of the construction which had previously been placed upon it by this court. (*Kelley* v. *Northern Trust Co.* 190 Ill. 401; *McGann* v. *People,* 194 id. 526.) Under the rule announced in these cases it must be held that where the word "township" is used in this act a congressional township is meant unless by the express language used some other interpretation is indicated.

By the express terms of the language used in section 94 the annexation of the adjoining territory is to be made "to an adjacent *township* in which a township high school has been established." There is no ambiguity in the language used or reasonable doubt as to its meaning, and when such is the case there is no room for construction by the courts. (*Chudnovski* v. *Eckels,* 232 Ill. 312; *Wall* v. *Pfanschmidt,* 265 id. 180.) The annexation authorized to be made by this section is to a *township,*—not a high school district, which must be one in which a township high school has been established. By the language used a congressional township

is meant. (*Trustees of Schools* v. *People, supra.*) A high school district organized under section 88 is neither a congressional nor a high school township, as the section does not make a high school district created out of parts of adjoining townships a township for high school purposes, but only provides that the remaining portion of such township not included in such high school district shall constitute a township for high school purposes. A township and a school district are separate and distinct legal entities and are treated as such throughout the act. The terms "township" and "school district" are frequently used in the act but not interchangeably, and we know of no rule of construction which would warrant us in holding that when the legislature used the word "township" in this section it meant "high school district" also, and we cannot so hold. As it is clear from the language used that this section does not provide for the annexation of adjoining territory to an adjacent high school district but only to a township in which a high school district has been established, we must hold the attempted annexation of the lands of the appellants to the school district in question was without warrant in law and void.

Appellee insists that as appellants Samuel Dorman, Jacob Schafroth and Henry Reising all voted at the election called for the purpose of voting upon the question of the annexation of such territory to the district and as Reising was one of the petitioners for the election and acted as a judge at such election, they are estopped to now question the validity of the proceedings in which they participated. Appellee cites in support of this contention *People* v. *Waite,* 70 Ill. 25, *People* v. *Moore,* 73 id. 132, *McPhail* v. *People,* 160 id. 77, *People* v. *Crowley,* 250 id. 282, and *People* v. *Graham,* 267 id. 426. In those cases the acts complained of were a failure to comply with some of the requirements of the law authorizing the acts to be done and not want of statutory authority for the doing of the acts attempted

to be done, and we held that where a party participated in such proceedings with knowledge of the irregularity he is estopped by his conduct from afterwards questioning the validity of such proceedings. But that is not the situation presented here. The objection here urged is not a failure to comply with some provision of a law authorizing such act to be done, but want of authority in law for the doing of the act attempted to be done. Where there is no authority, in law, for the doing of the thing attempted to be done, no estoppel can arise, in law, against a party, by participation therein, to assert the want of a law authorizing the doing of such act.

For the reasons given the judgment of the lower court will be reversed and the cause remanded to that court, with directions to sustain the objections and abate the tax.

*Reversed and remanded, with directions.*

---

(No. 11648.—Reversed and remanded.)
THE EAST SIDE LEVEE AND SANITARY DISTRICT, Appellant, *vs.* THE ALTON AND SOUTHERN RAILROAD, Appellee.

*Opinion filed December 19, 1917.*