ELLA DEPFER, a widow, v. LAURA ALISE WALKER, *et vir*

169 So. 660.
Division B.
Opinion Filed September 12, 1935.
On Rehearing June 24, 1936.
Further Rehearing Denied Sept. 23, 1936.

190

*Shackleford, Ivy, Farrior & Shannon* and *R. W. Shackleford,* for Plaintiff in Error.

*John B. Singletary* and *Dewey A. Dye,* for Defendant in Error.

TERRELL, J.—In October, 1930, Laura Alise Walker, appellee, was injured in an automobile accident. The automobile in which she was riding at the time of the accident belonged to Ella Depfer, the appellant, and was being driven by Nora Walker, sister-in-law of appellee. In October, 1931, Laura Alise Walker instituted this action against Ella Depfer seeking to recover damages in the sum of $10,000.00 for her injury. A demurrer and motion for compulsory amendment of the declaration were overruled. A trial resulted in a verdict and judgment for $7,500.00, to which the instant writ of error was prosecuted.

Sixteen questions have been raised and argued at length in this Court. To discuss them all would incur an opinion of undue length that would serve no useful purpose. On account of the inconclusiveness of the evidence to support it the judgment will have to be reversed so we discuss here only that question and such others as we think may become important in a second trial.

At the time of the accident appellee was being transported as the guest of appellant. The evidence discloses that not only was she a guest in the automobile of appellant at the time of the accident but that she (appellee) has

been a guest in her (appellant's) home and continued to be such for nine months after the accident.

The accident occurred in October, 1930, suit was instituted in October, 1931, and the trial took place in May, 1934. It is shown that as a result of the accident appellee received a severe laceration of the abdomen and was treated at the hospital for two weeks. From the date she left the hospital until the date of the trial she was treated various and sundry times by two other physicians. It was testified that she has been in a highly nervous condition and has developed a deafness since the accident but it is not shown that either was induced by or was aggravated by the accident. One doctor testified that both could have been caused by the accident but no one testified positively that they were or had any connection with it. In fact the evidence is such that any verdict based on it must be the result of pure speculation and guesswork. A verdict ten times as large or ten times smaller would have comported with the evidence as well as the one that was rendered. Such testimony falls far short of the degree of exactitude required, if a judgment based on it is to stand. There must be some reasonable basis in the testimony for the verdict and judgment.

It is next contended that the court erred in rejecting the testimony of the physician appointed pursuant to Section 4968, Revised General Statutes of 1920, Section 7055, Compiled General Laws of 1927, to make a physical examination of the appellee as requested by appellant.

There is no inherent authority in the courts of this state for making such examinations as are authorized by Section 4968, Revised General Statutes of 1920. Said statute is the sole authority for such examination. They are made in the sound discretion of the court which is controlled by

the circumstances of the case and the condition of the injured party. The discretion of the court in this as in other matters must be reasonably exercised. The examination may be had before or at the time of trial and where ordered it is the duty of the injured party to submit to it.

The physical examination as referred to by the statute contemplates any and every kind of a physical examination or test that may be deemed necessary or essential to ascertain the physical condition of the one examined, to-wit: A blood test, or any physical or microscopic examination of the person, blood, urine, kidneys, heart, lungs, alimentary tract, or other element or function of the body. The court is authorized to appoint any one or more physicians or specialists that may be necessary to make such an examination to effect the purpose of the Act, but all such appointees are required to testify personally as to their examination which they must make under order of the court.

It is further contended by appellant that in a personal injury case of this kind a host should be held liable to his invited guest only for gross negligence rather than for failure to exercise ordinary care.

In some jurisdictions the owner of an automobile is liable to his invited guest only for gross negligence, while in others he is liable for failure to exercise ordinary care. We recognize degrees of negligence in this state and have held the owner liable to his guest for the negligent operation of his automobile. Boyle v. Dolan, 97 Fla. 253, 120 So. 334; Green v. Miller, 102 Fla. 767, 136 So. 532.

Other assignments have been examined and while irregularities may have been committed they were harmless and did not amount to reversible error.

Reversed.

WHITFIELD, C. J., and BUFORD, and DAVIS, J. J., concur.

## On Petition for Rehearing

On Petition for Rehearing the Court deems it advisable to elaborate on the provisions of Section 4968, Revised General Statutes of 1920, Section 7055, Compiled General Laws of 1927, providing for the appointment of a physician to make a physical examination of the injured party in personal injury cases when requested by the defendant to do so.

It appears that at the trial of this case a physician was appointed to make an examination of the plaintiff as authorized by the statute but that his testimony was rejected because it was predicated in part on a blood test made by a competent technician under the physician's direction though it was made without objection by the plaintiff and was known to her physician.

In the main opinion filed September 12, 1935, and in State, *ex rel*. Carter, v. Call, 64 Fla. 144, 59 So. 789, the scope and purpose of Chapter 4968, Revised General Statutes of 1920, were discussed in part. In these cases we held that the power of the Court to appoint a physician to make the examination was discretionary, that the act must be construed with due regard to the rights of the parties, and that its application must not be extended beyond its terms. We also held in effect that if the person injured refused to submit to the examination the trial court would not be held in error for continuing the cause until it was made.

When it becomes necessary or advisable to make the examination if the scope of it is such that the physician appointed for that purpose can make it he may proceed to do so under the order of the court, but if he finds that it requires a microscopic or bacteriological examination of the blood, urine, kidneys, heart, lungs, viscera, or other organs or elements of the body that he is not prepared to

make he may under the order of the court have such examination or analysis made by competent technician, pathologist, toxicologist, or other physician. To effectuate the best results possible from the examination he may send such samples, elements, or specimen from the body of the plaintiff to adequately equipped laboratories in or out of the state for this purpose. When properly made the results of such examination or anlysis *shall* be admissible at the trial as evidence in the cause.

The act was designed to ascertain the nature and extent of the injury for which damages are sought and thereby aid the court and the jury in arriving at such compensation therefor as should reasonably be awarded. It was, in other words, purposed as an aid in the administration of justice and its use should be limited to that purpose.

In State, *ex rel.* Carter, v. Call, *supra,* we said that the right exercised under Section 4968, Revised General Statutes of 1920, was unknown to the Common Law and should not be extended beyond the terms of the statute but it now appears that the decided weight of numerical authority is to the effect that courts have inherent power to order a physical examination of the plaintiff in personal injury cases by a competent physician or surgeon when such an examination is necessary to ascertain the nature, extent, or permanency of the injuries complained of. Especially is this true in the case of latent injuries the extent of which can be correctly ascertained only through an examination. Louisville & N. R. Co. v. Koonce, 4 Higgins (Tenn.) 1; Larson v. Salt Lake City, 34 Utah 318, 97 Pac. 483; 14 R. C. L. 696; 18 C. J. 1111; note 51 A. L. R. 184.

The theory buttressing these adjudications is that the court and jury have the right to know the truth of the controversy and to arrive at it they should have the best

evidence available. To this end the door should be thrown open for the admission of any competent evidence that will shed light on the nature and extent of the injury for which compensation is sought.

Because of the rule against hearsay the report of a chemist, bacteriologist, or laboratory technician as to, the result of an examination made by him under the statute is not competent evidence in a case of this kind but the chemist or bacteriologist who made the examination or the analysis if shown to be competent to speak as an expert may testify as to what it showed. In fact the rule is general that where such a witness is shown to have sufficient knowledge whether gained from books, experiments, experience, or other reliable sources so that his opinion would be of value his evidence may be admitted.

The trial court is vested with discretion in determining when such knowledge is exhibited. It is not necessary that the witness be a toxicologist, pathologist, or chemist in the technical use of those terms. The, test is whether or not his experience or training has been such that his evidence would shed light on the question at issue. The doctor appointed by the court cannot testify as to the nature and extent of an injury based solely on the report of an examination made to him by the technician or pathologist. The technician or pathologist must first testify as to the result of the examination made and this may be a predicate for the doctor's opinion or examination. Sovereign Camp W. O. W. v. McDaniel, 251 Ky. 212, 64 S. W. (2d) 581; Hess v. Lake Shore & M. S. R. Co., 7 Pa. Co. Ct. 565; Isenhour v. State, 157 Ind. 517, 62 N. E. 40; Thaggard v. Vafes, 218 Ala. 609, 119 So. 647.

Judgment of reversal confirmed on rehearing.

ELLIS, P. J., and BUFORD, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.

## On Second Petition for Rehearing

Per Curiam.—This petition for rehearing is addressed to the opinion on rehearing filed in this cause June 24, 1936. On application of counsel, permission to file brief on this petition was granted. Briefs were filed and are very clear and helpful.

It is urged that the court in its opinion of June 24, 1936, overruled State, *ex rel.* Carter, v. Call, 64 Fla. 144, 59 So. 789. It is also urged that Section 4968, Revised General Statutes of 1920, Section 7055, Compiled General Laws of 1927, was considered and construed in State, *ex rel.* Carter, v. Call, that since said decision in 1912, the Legislature in 1919 re-enacted Section 7055, Compiled General Laws of 1927, and that in such re-enactment the construction contended for in State, *ex rel.* Carter, v. Call, was approved and became a part of the statutory law of the state.

The rule contended for is correct and has often been approved by this and other courts. Gray v. Standard Dredging Co., 109 Fla. 87, 111 Fla. 149, 149 So. 733; Layne v. Tribune Co., 108 Fla. 177, 146 So. 234; State v. Ensley, 177 Ind. 483, 97 N. E. 113; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; *Ex Parte* Carey, 306 Mo. 287, 267 S. W. 806; People, *ex rel.,* v. Stewart, 281 Ill. 365, 118 N. E. 55; Hecht v. Malley, 265 U. S. 144, 44 Sup. Ct. 462, 68 L. Ed. 949.

We do not consider that our opinion of June 24, 1936, overrules or is in conflict with State, *ex rel.* Carter, v. Call. In the last entitled case the question before the Court was that of the appointment of a photographer to take X-rays and the validity of a continuance in the event the person

examined refused to have the X-rays taken. We held that the photographer could not be appointed without the consent of the injured party and that the cause might be continued if the injured party refused to permit the taking of the pictures.

. In the instant case we are confronted with the validity of testimony as to a blood test made by a competent technician at the doctor's direction. We held that when it becomes necessary to make a microscopic or bacteriological examination of the blood, urine, kidneys, heart, lungs, viscera, or other organs or elements of the body that the doctor is not prepared to make he may under the order of the court, have such examination or analysis made by a competent technician, pathologist, toxicologist, or other physician.

" Such examination, as held in State, *ex rel.* Carter, v. Call, would have to be made at the convenience of the injured party and the case may be continued until this is done. We have examined other questions raised in the petition for rehearing but find no reason to change our former opinion nor do we find it in conflict with State, *ex rel.* Carter, v. Call or any other holdings of this Court.

· Nothing whatever in this or the main opinion filed September 12, 1935, or the opinion on rehearing filed June 24, 1936, is to be construed as expressing any opinion on the merits of the case. We have refrained from discussing any question that we deem material to a new trial.

Rehearing denied.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

' BROWN and DAVIS, J. J., concur in the opinion and judgment.