194 So.2d 295 (1966)
The DELTONA CORPORATION, Appellant,
v.
Irving KIPNIS, As Trustee and Lena Kipnis, His Wife, Appellees.
No. 6465.
District Court of Appeal of Florida. Second District.
October 21, 1966.
On Rehearing February 8, 1967.
*296 William Earle Tucker, of Gibbons, Tucker, McEwen, Smith & Cofer, Tampa, for appellant.
C.J. Hardee, Jr., of Hardee, Ott & Hamilton, Tampa and Joseph L. Schwartz, of Orr & Treister, Miami, for appellees.
DRIVER, B.J., Associate Judge.
This appeal presents squarely the question: Does Section 66.08 Florida Statutes (1963), F.S.A., permit a Chancellor in partition suits to apportion and tax costs on equitable principles?
The answer is no.
Appellant Deltona Corporation is the successor in title to an undivided two-third interest in a 6,000 acre tract of land in Hillsborough County, Florida. Appellee Kipnis and Tilsen Real Estate were each the owners of an undivided one-sixth interest in said lands.
Appellee Kipnis filed his complaint in the Circuit Court to have his one-sixth interest partitioned. Deltona and Tilsen filed their answers, vigorously opposing the partition. Nonetheless, partition was ordered and three commissioners appointed to make partition. These commissioners, after a thorough study, however, reported that the lands could not be partitioned into parcels of one-sixth, one-sixth and two-thirds without reducing the value as a whole. Subsequently the Court entered an order that inasmuch as the partition in kind was not feasible, the land be sold. No dispute is present on appeal as to this order. The dispute arises from the order of the Court that the commissioners' fees be apportioned among all the parties in interest to the land.
Before the year 1957, Section 66.08 Florida Statutes (1963), F.S.A., read as follows:
"Every party in interest, whether complainant or respondent, shall, by decree *297 of the court, be bound to pay a share of the costs and charges, (including attorney's fee of complainants' solicitor) arising from the suit for the partition or sale of the land, in proportion to his interest; and such decree shall be binding on all his goods and chattels, lands or tenements; and in case of sale the court may order the same to be paid or retained out of the moneys arising from such sale and due or belonging to the parties who ought to pay the same. All taxes, state, county and municipal, due thereon at the time of such sale, shall be paid out of the purchase money." (Parenthesis and italics supplied)
In 1957, the Act was amended and the italicized portions now read:
"* * * including attorneys' fees to complainant's solicitor or defendant's solicitor or to each of them commensurate with their services rendered, and of benefit to the partition, in the discretion of the court, to be determined upon equitable principles * * *."
Appellant Deltona Corporation urges on appeal, as it did in the lower Court, that the amendment to Section 66.08 Florida Statutes (1963), F.S.A., authorizes taxation of cost as well as attorneys' fees on equitable principles, and that since the abortive effort of Appellee Kipnis to partition resulted in the incurring of the commissioners' fees, amount to a total of $7,500.00, that Kipnis's interest, in good conscience, ought to be taxed for all the cost, or alternatively that Deltona Corporation be allowed to proceed under a right of subrogation against Kipnis to recover any cost paid by Deltona.
The Chancellor, however, ruled that the amendment set out above, applied to attorneys' fees only, and not costs and concluded that the Act is mandatory in requiring that cost shall be apportioned and taxed against all parties in interest to lands the subject of a suit to partition. Deltona Corporation was also denied right of subrogation against Kipnis.
Prior to the 1957 amendment to the act, the very question we are concerned with here was considered and answered by the Florida Supreme Court contrary to Appellant Deltona Corporation's contention, McQueen v. Forsyth, 55 So.2d 545, in which the Chancellor in his order of partition exempted one of the landowners from any cost, including commissioners' fees, and charged that the total cost be assessed against the other co-parceners. The Court in reversing stated:
"It is our view that the petitioners' contention has merit and the Chancellor below in entering the partition order here challenged was without authority to assess the costs of the partition suit, contrary to or different from the several provisions of Section 66.08, F.S.A. It follows that the provisions of the partition order, supra, were erroneous and the writ of certiorari is granted * *."
Florida, like most jurisdictions, follows the rule that in re-enacting a statute the legislature is presumed to have an awareness of the judicial construction placed upon the re-enacted statute, and to have adopted this construction, absent a clear expression to the contrary. Rabinowitz v. Keefer, (1931), 100 Fla. 1723, 132 So. 297; Depfer v. Walker, (1936), 125 Fla. 189, 169 So. 660.
We do not find a clear expression in the 1957 amendment to the statute under review indicating a legislative intent contrary to McQueen v. Forsyth, supra. If it had been intended to vest the Chancellor with discretion in taxing cost, as well as attorneys' fees, it would have been a simple matter to substitute the word "may" for "shall" as it appears in the act pertaining to cost. Indeed, where a statute is re-enacted, and the judicial construction thereof presumed to have been adopted in the reenactment, the Courts are barred and precluded from changing the earlier construction. *298 Rabinowitz v. Keefer, supra; Grimes v. State, (Fla. 1953), 64 So.2d 920.
We have not overlooked Appellant's argument that Florida should follow the Pennsylvania rule as enunciated in Novy v. Novy, 324 Pa. 362, 188 A. 328, but determining as we have that McQueen v. Forsyth is binding upon us, Novy v. Novy is of no help to Appellant's cause.
Having concluded that the Chancellor was without authority to tax cost on equitable principle and in his discretion, it necessarily follows that he was correct in denying Appellant's right to subrogation against Appellee Kipnis. This is so for the reason that subrogation could lie only under the theory that Appellant Deltona Corporation was not liable for a share of the cost and that Kipnis was liable for all cost otherwise taxable against the former; thus evading the mandate of the statute that "* * * every party in interest * * * shall * * * be bound to pay a share of the costs * * *". This would permit doing indirectly that which the statute prohibits being done directly.
For the reasons stated, the decree appealed is affirmed.
ALLEN, C.J., and SHANNON, J., concur.

ON REHEARING GRANTED
DRIVER, B.J., Associate Judge.
The petition of Deltona Corporation, the petitioner, for rehearing in this cause is hereby granted. Upon further consideration on rehearing,
It is ordered that the following language in the opinion of October 21, 1966, be and the same is hereby stricken, to-wit:
"Subsequently the Court entered an order that inasmuch as the partition in kind was not feasible, the land be sold. No dispute is present on appeal as to this order.";
and the following is hereby inserted in lieu thereof:
"Subsequently the Chancellor entered his order finding that none of the parties had or intended to apply for sale of lands in question and that the court was without power to order a sale of the lands except the inherent power to sell same to pay costs and fees. It was the further finding of the Chancellor that all parties had agreed that the cause be terminated. No dispute is present on appeal as to this order."
We have considered the other grounds for rehearing and find them to be without merit.
Except as herein modified, our original opinion is adhered to on rehearing.
ALLEN, C.J., and SHANNON, J., concur.