375 So.2d 358 (1979)
NATIONAL CONVENIENCE STORES, INC., Petitioner,
v.
Robert EMBREY and Helen J. Embrey, Respondents.
No. 78-1977.
District Court of Appeal of Florida, Fourth District.
October 3, 1979.
Pruitt & Gay and Larry Klein, West Palm Beach, for petitioner.
Robert P. Summers, Stuart, for respondents.
PER CURIAM.
National Convenience Stores, Inc. seeks through petition for writ of certiorari review *359 of an order requiring petitioner to answer a certain written interrogatory in an action to determine the availability of employee group medical benefits.
Robert Embrey and Helen J. Embrey were the named defendants in a suit filed by a hospital and a doctor to recover payments for treatment rendered to Helen Embrey. At the time of the treatment, Helen Embrey was an employee of National Convenience Stores, Inc. (hereinafter NCS) who, as a self-insurer, maintained a group medical benefits insurance plan for its qualified employees. Helen Embrey filed a cross-claim against NCS alleging that she was covered under the group benefit program. NCS answered and denied that benefits were owed under the program for Helen Embrey's condition, due to the fact that she had not been an employee for a sufficient length of time to qualify under the group plan.
For purposes of discovery, Helen Embrey filed written interrogatories to NCS, which included the following question:
20. a) Please state how many claims have ever been filed against NATIONAL CONVENIENCE STORES, INC. by employees seeking benefits.
b) Please state how many of such claims have been denied.
c) Please state the names and addresses of all persons whose claims have been denied by NATIONAL CONVENIENCE STORES, INC., and the reason for denial of each.
NCS filed an objection to this interrogatory on the ground that it was not material or relevant, nor could it lead to any competent evidence. A hearing was held at which the trial court ordered NCS to answer the quoted interrogatory. The instant petition for writ of certiorari was then filed to challenge the propriety of that order.
Although liberal construction is to be given to rules of discovery and trial courts are imbued with broad discretion in discovery matters, such discretion must be exercised within the permissible scope of discovery as set forth in Rule 1.280(b), Fla. R.Civ.P. See Argonaut Insurance Co. v. Peralta, 358 So.2d 232 (Fla. 3d DCA 1978); Hoogland v. Dollar Land Corp., Ltd., 330 So.2d 509 (Fla. 4th DCA 1976).
Certiorari will lie to review an abuse of discretion in discovery matters where irreparable injury will accrue as a result of undue infringement upon the privacy rights of persons unconnected to the litigation. American Health Plan, Inc. v. Kostner, 367 So.2d 276 (Fla. 3d DCA 1979).
In the instant case there is no showing that all the information sought by the challenged interrogatory is or would be relevant to the pending lawsuit. Respondent correctly points out that information as to those employees of NCS who have been denied coverage under the group benefit program because of insufficient employment time might prove to be relevant. However, the challenged interrogatory is not so limited in scope but, rather, seeks discovery of information of all claims made by employees which were rejected for any reason. In this posture, the challenged interrogatory is overbroad and seeks information which has no relevance whatsoever to the pending litigation. Thus, the information sought is beyond the permissible scope of discovery, and the trial court should have sustained the objection and denied respondents' motion to compel.
Accordingly, we grant certiorari and quash that portion of the lower court's order compelling discovery which requires petitioner to respond to Interrogatory No. 20 propounded March 8, 1978, and remand for further proceedings consistent with the views expressed herein.
Certiorari granted, and cause remanded.
DOWNEY, C.J., BERANEK, J., and CROSS, SPENCER C., Associate Judge, concur.