389 So.2d 710 (1980)
Sharon J. WEYANT, Petitioner,
v.
J.E. RAWLINGS, Jr., M.D., Palms of Pasadena Hospital, Inc., and Florida Patient's Compensation Fund, Respondents.
No. 80-1035.
District Court of Appeal of Florida, Second District.
October 31, 1980.
William F. Blews, St. Petersburg, for petitioner.
Donald V. Bulleit of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for respondent J.E. Rawlings, Jr.
*711 BOARDMAN, Acting Chief Judge.
Sharon J. Weyant petitions for writ of certiorari to review an order denying her motion to compel discovery. We grant the writ and reverse.
Petitioner filed a complaint alleging medical malpractice on the part of respondents J.E. Rawlings, Jr., M.D., and Palms of Pasadena Hospital, Inc. The complaint alleged negligence on the part of Rawlings in failing to properly diagnose and treat petitioner's cancerous condition.
After Rawlings had filed his answer, which admitted that he had seen petitioner as a patient in August, 1978, at which time petitioner complained of chest pains, petitioner deposed Rawlings. At deposition, Rawlings admitted that he had some knowledge regarding changes in tissue and cellular structure caused by Hodgkin's disease. Petitioner than asked: "What is your understanding then regarding any change in the cellular structure of an individual who has Hodgkin's disease?" Rawlings was directed by his counsel to refuse to answer this question.
Subsequently, petitioner inquired into Rawlings' familiarity with the various stages of Hodgkin's disease, and again Rawlings admitted limited knowledge on this subject. However, when petitioner then asked: "Are you able to tell us whether there is any difference in the clinical symptoms that a patient would present based upon what stage of Hodgkin's disease the patient was in?" Rawlings was again directed by his counsel not to answer.
At this point, the deposition was adjourned, and the parties went before the trial judge for a ruling on petitioner's motion to compel Rawlings to answer the two above questions. The trial judge ruled that Rawlings would not be required to answer the questions. This petition for writ of certiorari followed timely.
Rule 1.280(b)(1), Florida Rules of Civil Procedure, provides that a party may obtain discovery of
any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party... . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
The discovery rules are to be liberally construed so as to permit any form of discovery within the scope of the rules. National Convenience Stores, Inc. v. Embrey, 375 So.2d 358 (Fla. 4th DCA 1979); Argonaut Insurance Co. v. Peralta, 358 So.2d 232 (Fla. 3d DCA), cert. denied, 364 So.2d 889 (Fla. 1978).
At the hearing on the motion to compel, Rawlings argued that the questions objected to were improper due to petitioner's failure to lay a predicate, and the trial judge agreed. However, Rawlings did not raise this objection at the time of deposition and thus waived any objections on this basis. Fla.R.Civ.P. 1.330(d)(3)(B).
Furthermore, failure to lay a proper predicate was not a sufficient basis upon which to deny petitioner's motion to compel, even if such an objection had not been waived. Rule 1.280(b)(1) specifically states that discovery is not subject to objection on the ground that the subject matter of the discovery will not be admissible at trial, provided the matter to be discovered appears reasonably calculated to lead to the discovery of admissible evidence. See Brooks v. Owens, 97 So.2d 693 (Fla. 1957).
Contrary to the trial judge's apparent conclusion, petitioner's questions were not intended to elicit the standard of care and treatment prevailing in the community, but constituted an attempt to determine the extent of Rawlings' personal knowledge in order to avoid surprise at trial. See Bowen v. Manuel, 144 So.2d 341, 343 (Fla. 2d DCA 1962).
The challenged questions were certainly capable of leading to admissible evidence. While Rawlings is a general practitioner rather than a specialist in the treatment of Hodgkin's disease, petitioner should nevertheless *712 be allowed to inquire into Rawlings' knowledge of the subject, the better to ascertain whether he possessed the skill and learning commonly possessed by other general practitioners. Hill v. Boughton, 146 Fla. 505, 1 So.2d 610 (1941).
While we have not found a Florida case factually similar to the case at bar, Myers v. St. Francis Hospital, 91 N.J. Super. 377, 220 A.2d 693 (App.Div. 1966), is somewhat analogous. In Myers, the plaintiffs in a medical malpractice action served interrogatories upon the defendant physician inquiring into his qualifications, education, and experience. The defendant objected to these interrogatories, and the trial court granted the plaintiff's motion to compel the answers. The appellate court affirmed, noting that pretrial discovery should be liberally permitted, and observed that:
In every malpractice action defendant's possession of the required knowledge and skill ordinarily possessed and exercised in similar situations by the member of the profession practicing in his field is clearly in issue under substantive law and the pleadings... .
Defendant will undoubtedly take the witness stand and testify that the acts he performed were entirely necessary and proper. Plaintiff is entitled to have defendant answer interrogatories Nos. 6 through 33 and 72 so that he may be in a position to cross-examine the doctor with respect to his qualifications and experience.
91 N.J. Super. at 387, 220 A.2d at 698. But see Decker v. Pohlidal, 22 Pa. D. & C.2d 627 (1960) (where the court held that the information sought was equally available to the other party).
Similarly, in the instant case, Rawlings may testify at trial that he recognizes all symptoms of Hodgkin's disease which are commonly recognized by general practitioners. Petitioner should be entitled to probe the state of his expertise prior to trial.
Finally, we cannot agree with the trial court's apparent assumption that Rawlings was improperly being asked in the challenged questions to express his expert opinion. Whether or not Rawlings qualifies as an expert, he may be required to give opinions in an action against him for malpractice "since fact and opinion are inextricably intermingled on the fundamental issue as to whether defendant-doctor departed from accepted standards in diagnosing and treating plaintiff's injuries." Decker v. Pohlidal, supra at 640.
Accordingly, the petition for writ of certiorari is granted, the trial court's order denying petitioner's motion to compel discovery is vacated, and the cause is remanded with directions to enter an order granting petitioner's motion to compel.
GRIMES and RYDER, JJ., concur.