SHARP, Judge,
dissenting.
I would grant King’s petition for issuance of a writ of certiorari,[1] to review a discovery order requiring her to expose stains on her breasts to the attorneys for The Loveable Company (manufacturers of an allegedly defective brassiere), Sullivan-Carson (manufacturers of the elastic material in the brassiere) and Luithlen Dye Company (manufacturers of the dye used in the brassiere). The suit below involves King’s claim for damages allegedly suffered when she purchased and wore a black brassiere which permanently left a dark outline on the part of her skin covered by the brassiere.
The court’s order granting visual inspection to counsel for the three companies provided that:
a. Only counsel for the respective parties may inspect the area of [King’s] injury.
b. The inspection is to take place at [King’s attorney’s] office at a time mutually convenient to all counsel and to [King].
c. The inspection is to last no longer than two minutes.
d. [King] is to expose only as much of her body as necessary to permit viewing by counsel.
e. Counsel shall conduct themselves with dignity during the visual inspection.
f. There shall be no arguing between counsel during the visual inspection.
g. Counsel for [the three companies] will have only one opportunity prior to trial to participate in said visual inspection.
In contrast, King had presented an alternative whereby she would:
1. submit to a physical examination by a licensed physician selected by the companies or appointed by the court, and/or permit a professional photographer, to be appointed by the court to take photographs; and
2. immediately notify the three companies of any visual changes in her condition, and at their request submit to a new physical and/or photographic examination;
3. within one week prior to trial resubmit to physical and/or photographic examination;
4. not exhibit the injury “live” at trial but rely on photographs taken at various intervals' since the disfigurement first appeared.
At this point, it is obvious to all that King naturally considers the portion of her *1130 body stained as private. Despite the trend of permissiveness in our society, King has let it be known that she considers it a serious invasion of her privacy, resulting in humiliation, embarrassment and shame, to have to “showcase” her condition “live” to a minimum of three attorneys. (The order does not limit the number of counsel for the three companies that may be present at their two minute viewing).
Florida Rule of Civil Procedure 1.360, “Physical and Mental Examination of Persons” clearly states: “[w]hen the ... physical condition ... of a party ... is in controversy, the court ... may order the party to submit to a physical ... examination by a physician.” The majority does not think this is a physical examination contemplated by rule 1.360. Indeed, neither case law nor statutory law enables a trial court to order an examination of a physical injury or condition, except by a physician.[2]
Prior to the adoption of our discovery rules, Florida common law held that a trial court had no authority to compel the plaintiff to submit to a physical examination of any kind. See State ex rel. Carter v. Call, 64 Fla. 144, 59 So. 789 (Fla.1912); See also Union Pacific Ry. Co. v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734 (1891). Afterwards, statutes and rules permitting physical examination were enacted, but as with Rule 1.360, the physical examination could be conducted only by a physician.[3] See e.g., Call, Depfer v. Walker, 123 Fla. 862, 169 So. 660 (Fla.1935). No exception for lawyers existed in prior statute or rule.
The majority apparently relies upon Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980) to justify this compelled examination of King’s breasts by opposing counsel for The Loveable Company, Sullivan-Carson, and Luithlen Dye Company. Canakaris has been cited as supporting many disparate propositions, but I’ll wager this is the most bizarre.
The majority comments that the degree and extent of the disfigurement can be determined by a lay person as well as by a physician and that “there are many legitimate reasons for counsel to wish to see the injury ...” However these reasons exist in every situation in which there is present some type of visible injury which opposing counsel feels may sway a jury to award an excessive amount in damages.
Other than harassment, embarrassment and humiliation, I cannot imagine any other purpose for this compelled examination by trial counsel. Rule 4-3.7 of the Rules Regulating the Florida Bar precludes counsel from testifying as witnesses at trial.[4] In contrast, King’s alternative of a physical examination by a physician and photographs taken at various time intervals would produce evidence admissible at trial.
Respondents contend that based on their viewing of the petitioner’s breasts they may wish to move the trial court to require the petitioner to submit to a similar viewing by the jury. I have one word for this proposition: outrageous. A plaintiff may be required to show the jury his physical injury. However, one of the exceptions is where the “public exposure might be unnecessarily embarrassing.” See 8 Wig-more, Evidence § 2220(ii)(A) at 194 (McNaughton rev. 1961). Under such circumstances the exhibition is usually ordered to be made before expert medical witnesses, who can then testify as to the condition before the jury.
Although decisions on discovery matters are within the trial court’s discretion, dis *1131 covery cannot be compelled when it is not authorized by the rules.[5] Since there is no rule authorizing the compulsory physical examination of this petitioner’s claimed injuries or disfigurement by non-physicians, and since such a public exposure will be unnecessarily embarrassing, the trial court’s discovery order in this case departed from the essential requirements of law. Common law certiorari is a remedy available when the lower court is acting without jurisdiction or its order will constitute a departure from the essential requirements of law. Hawaiian Inn of Daytona Beach, Inc. v. Snead Construction Corporation, 393 So.2d 1201 (Fla. 5th DCA 1981); See also Powell v. Wingard, 402 So.2d 532 (Fla 5th DCA 1981). Accordingly, I would grant petitioner’s request for review and quash the discovery order.

. Fla.R.App.P. 9.030(b)(2), 9.100.

. Rule 1.360 is derived from Rule 35 of the Federal Rules of Civil Procedure which also expressly restricts a physical examination to be conducted only by a physician. Federal courts have refused to permit even the injured party’s attorney to be present at the examination, Neumerski v. Califano, 513 F.Supp. 1011 (E.D.Pa. 1981), and cases cited therein.

. See Ch. 4719, §§ 1, 2, 3, Laws of Fla. (1899); § 3151 (Gen. Laws 1906); 1950 Common Law Rule 28; 1954 R.C.P. 1.29.

.See also, 8 Wigmore, Evidence § 2181 at 6 (McNaughton rev. 1961) which states: A counsel or attorney ... should not appear as witness except in unavoidable necessity because (among other reasons) of the danger which this practice would involve of a loss of public confidence in the integrity of the profession."

. National Convenience Stores, Inc. v. Embrey, 375 So.2d 358 (Fla. 4th DCA 1979); Raulerson v. Finney, 280 So.2d 484 (Fia. 3rd DCA 1973).