Florence M. Kirton, *Plaintiff in Error*, v. Atlantic Coast Line Railroad Company, a Corporation, and Atlantic Land and Improvement Company, a Corporation, *Defendants in Error*.

The provision of section 1725 General Statutes that "an action arising upon account of an act causing the wrongful death," shall be commenced within one year, applies to causes of action arising under sections 3145 and 3146, General Statutes.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Glen & Himes,* for Plaintiff in Error;

*Sparkman & Carter,* for Defendants in Error.

WHITFIELD, C. J.—A petition for rehearing suggests that the court misapprehended the effect of the language used in the declaration, and that in view of the common law and statutory liability of the railroad company and of facts commonly known there is in reality no repugnancy in the allegations of the declaration.

The rule to be observed, to avoid ambiguity and obscurity, requires the allegations of a declaration to be sufficiently certain for the plaintiff's theory of the case to be supported by any fair and reasonable intendment or construction of the allegations without reference to facts not alleged. See Atlantic Coast Line R. Co. v. Benedict Pineapple Co., 52 Fla. 165, text 176, 42 South. Rep. 529, and authorities there cited. If two different meanings are fairly and reasonably presented, the construction adopted on demurrer will be unfavorable to the pleader. If the application of this rule makes the pleading appear to be repugnant a demurer thereto will lie. After verdict all reasonable intendments will be indulged to support the pleading.

The rule as to ambiguous pleading was applied in this case on the demurrer, and the declaration was held to be "not up to the requirements of good pleading."

But even if it can be said that the declaration states a cause of action against both defendants, the right of action is barred by the statute of limitations that was interposed by plea and a demurrer thereto overruled. Section 1725 of the General Statutes provides that "an action arising upon account of an act causing the wrongful death, and on account of wrongful death, of child" shall be commenced within one year.

The first part of the provision, to-wit: "an action arising upon account of an act causing the wrongful death," relates to and bars this action notwithstanding the appearance of the word "the" before the words "wrongful death," and the use of the subsequent words of the quoted paragraph as punctuated. The original of the General Statutes as enacted by the legislature is not punctuated by the use of commas. See Taylor v. Inhabitants of Town of Caribou, 102 Me. 401, 67 Atl. Rep. 2, S. C. 10 Am. and Eng. Anno. Cas. 1080 and note.

A rehearing is denied.

SHACKLEFORD and COCKRELL, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.