THE ST. FRANCIS HOSPITAL, INC., a Florida corporation, v. BELLE THOMPSON, a widow, for her own use and benefit and for the use and benefit of THE CITY OF MIAMI BEACH, a municipal corporation.

31 So. (2nd) 710             June Term, 1947
August 1, 1947               En Banc
Rehearing denied September 11, 1947

*McKay, Dixon, DeJarnette & Bradford,* for appellant.
*Cushman & Woodard,* for appellee.

BARNS, J.:

The appellant submits that the trial judge erred in refusing to direct a verdict for the defendant at the conclusion of the plaintiff's case and at the conclusion of all the testimony. In this we find no reversal error.

This is a case for wrongful death wherein the wrongful act occurred more than two years before the commencement of the action but the action was commenced within two years from the death.

Section 95.11 F.S.A. prescribes that "an action arising upon account of an act causing a wrongful death" can only be commenced within two years.

The appellant-defendant during trial asked leave to file a plea of the statute of limitations of two years which was denied. After an adverse verdict and judgment it appeals and assigns as error the refusal of the trial court to allow such plea to be filed.

*Does the statute of limitations in a death case commence to run from the date of the wrongful act or from the date of death?*

Plaintiff-appellee's right of action is predicated on Section 768.01 F.S.A. which is as follows:

"RIGHT OF ACTION FOR *DEATH* DUE TO NEGLIGENCE—Whenever the death of any person . . . shall be caused by the wrongful act, negligence, carelessness or default of any . . . corporation, . . . and the act, negligence, carelessness or default, is such as would, *if the death had not ensued,* have entitled the party injured thereby to maintain an action. . . . To recover damages in respect thereof, then and in every such case the person or persons who, or the corporation which

would have been liable in damages *if death had not ensued,* shall be liable to an action for damages. . . . Notwithstanding the *death* of the person injured, . . ."—which in effect holds that one causing a wrongful death "shall be liable to an action for damages . . . notwithstanding the death of the person injured."

By Section 768.02 F.S.A. it is provided that:

"Every such action shall be brought by and in the name of the *widow,* . . . and where there is neither *widow* nor husband, nor minor child or children, . . . then by any . . . persons dependent on such person killed . . . and when there is neither of the above classes of persons to sue, then . . . by the executor or administrator . . . of the person killed. . . . and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained *by reason of the death of the party killed.*"—which in effect specified to whom the party caused a wrongful death shall be liable "by reason of such wrongful death" and that such liability shall be for "such damages as the party or parties entitled to sue may have sustained."

On this point American Jurisprudence is as follows:

"Commencement of Period Limitation.—The point of time which marks the commencement of the running of a statute limiting the right of action for death by wrongful act is a matter that must be determined generally from the provisions of the statute creating the limitation. The statutes that have been enacted in the different jurisdictions vary considerably in their phraseology, and there is a resulting diversity of opinion as to whether the period within which suit must be commenced is to be computed from the time of the injury, the date of the decedent's death, or the time when a personal representative is appointed. Many wrongful death statutes merely prescribe the limitation without any express provision fixing the time from which it shall run. In some cases, it has been held that the limitations begin to run from the date of the injury, and not from the death of the injured person. This view is sometimes based on the ground that the statute does not create a new or independent cause of action, but merely continues the right of action which accrued to the deceased at the time of the injury. The general rule, however, is that

the cause of action accrues and the statute runs from the time of the death, . . ."—16 Am. Jur. Sec. 167.

The foregoing authority cites Collins v. Hall 117 Fla. 282, 157 So. 646, as authority contrary to the conclusion we have reached but the decision in that case turned on another point and the language therein on the point here involved was as follows:

"This makes it unnecessary for us to decide the question relating to the sufficiency of the plea of the statute of limitations; that is, whether, in an action for wrongful death under the statute, the statute of limitations begins to run from the time of the alleged wrongful act causing the death, or from the time of the death subsequently ensuing. However, we might observe in passing that it would appear from the language of paragraph 6 of Section 4663, Comp. Gen. Laws, construed in the light of what was said in the case of Kirton v. Atlantic Coast Line R. Co., 57 Fla. 87, 49 So. 1024, that the plea of the statute of limitations was also good. . . ."

It will not be deemed necessary to cite the holdings of this court to the effect that the foregoing provisions of statute have been held to create a *new* cause of action.

Plaintiff-appellee's cause of action is dependent on death and it is our conclusion that it was the intent of Section 95.11 F.S.A. to limit the commencement of the action from the time of the accrual of plaintiff's cause and plaintiff's cause accrued on death. It speaks of commencement of actions after so many years and by reasonable implication it means so many years after the right of action has accrued. Plaintiff's cause of action did not accrue by reason of the wrongful act alone. It took a wrongful act and death to give plaintiff a cause. The statute of limitations commenced to run upon death.

Affirmed.

TERRELL and CHAPMAN, JJ., and TAYLOR, Associate Justice, concur.

THOMAS, C. J. and PARKS, Associate Justice concur in conclusion.

BUFORD, J., dissents.

BUFORD, J., dissenting:

I am unable to concur in the opinion prepared by Mr. Justice BARNS in this case because it is my conclusion that the plea of the statute of limitations tendered was a good plea and was supported by the evidence which had been introduced prior to the tender of the plea.

In reaching a correct construction of the statutes and determining the law in this regard we must construe in pari materia three sections of our statutes. Sec. 768.01 Florida Statutes 1941 (same F.S.A.), provides:

"768.01. Right of Action for Death Due to Negligence.— Whenever the death of any person in this State shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, carelessness, or default or any agent of any corporation, acting in his capacity of agent of such corporation (or by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or persons employed thereon), and the act, negligence carelessness or default is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action (or to proceed in rem against the said ship, vessel or boat or in personam against the owners thereof or those having control of her) and to recover damages in respect thereof, then and in every such case the person or persons who, or the corporation (or the ship, vessel or boat) which would have been liable in damages if death had not ensued shall be liable to an action for damages (or if a ship, vessel or boat, to a libel in rem, and her owners or those responsible for her wrongful act, negligence, carelessness or default to a libel in personam) notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

Section 768.02 Fla. Statutes 1941 (same F.S.A.) provides as follows:

"Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where

there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed. In case of the death of any person solely entitled, or of all the persons jointly entitled to sue, before action brought or before the recovery of a final judgment in action brought by him or them, the right of action or the action, as the case may be, shall survive to the person or persons next entitled to sue under this action, and in case of the death of one or more persons jointly entitled to sue before action brought or before the recovery of a final judgment in an action brought by them, the right of action or the action, as the case may be, shall survive to the survivor of such persons so jointly entitled to sue; and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed; provided that any person or persons to whom a right of action may survive under the provisions of this act shall recover such damages as by law such persons or persons are entitled in their own right to recover, irrespective of the damages recoverable by the person or persons whom he or they may succeed."

Section 95.11 Fla. Statutes 1941 (same F.S.A.) inter alia provides:

"Actions other than those for the recovery of real property can only be commenced as follows: . . .

"(6) WITHIN TWO YEARS. An action by another than the State upon a statute for a penalty or forfeiture; an action for libel, slander, assault, battery or false imprisonment; An action arising upon account of an act causing a wrongful death."

So it is seen that the cause of action arises under Sec. 768.01 supra, from the wrongful act, negligence, carelessness or default when the act, negligence carelessness or default is such that if death had not ensued would have entitled the party injured thereby to maintain an action. If death does ensue, then under Sec. 768.02, supra, the action which had ac-

crued by reason of the wrongful act may be brought by and in the name of the widow. Sub-paragraph 6 of Sec. 95.11, supra, fixes two years as the period of limitation within which a suit may be brought by such widow in an action arising upon account of an act causing the wrongful death. Therefore, the act causing the death constitutes the basis of, or the cause of, action upon which the plaintiff sued.

In Kirton v. A.C.L.R.R. Co., 57 Fla. 87, 49 So. 1024, this court said:

"But even if it can be said that the declaration states a cause of action against both defendants, the right of action is barred by the statute of limitations that was interposed by plea and a demurrer thereto overruled. Section 1725 of the General Statutes provides that 'an action arising upon account of an act causing the wrongful death, or on account of wrongful death, of child' shall be commenced within one year.

"The first part of the provision, to wit: 'an action arising upon account of an act causing the wrongful death' relates to and bars this action notwithstanding the appearance of the word 'the' before the words 'wrongful death' and the use of the subsequent words of the quoted paragraph as punctuated. The original of the General Statutes as enacted by the legislature is not punctuated by the use of commas. See Taylor v. Inhabitants of Town of Caribou, 102 Me. 401, 67 Atl. Rep. 2 S.C. 10 Am. and Eng. Anno. Cas. 1080 and note."

And in the case of Collins v. Hall, 117 Fla. 282, 157 So. 646, we said:

"This makes it unnecessary for us to decide the question relating to the sufficiency of the plea of the statute of limitations; that is, whether in an action for wrongful death under the statute, the statute of limitations begins to run from the time of the alleged wrongful act causing the death, or from the time of the death subsequently ensuing. However, we might observe in passing that it would appear from the language of paragraph 6 of Section 4663, Comp. Gen. Laws, construed in the light of what was said in the case of Kirton v. Atlantic Coast Line R. Co. 57 Fla. 87, 49 So. 1024, that the plea of the statute of limitations was also good. Under the statute referred to, 'an action arising upon account of an act

causing a wrongful death' must be commenced within two years, which, to the writer, indicates that the statute begins to run from the time the act causing the wrongful death is committed."

While in the latter case the writer said it was unnecessary for us to decide the question relating to the sufficiency of the plea of the statute of limitations because of what had been said theretofore in the opinion, this statement did not make what was said dicta. This is true because the point was specifically raised and presented and while the court might have ignored that point, having already stated sufficient grounds to affirm the judgment in favor of the defendant in the court below, when it saw fit to consider the point and enunciate the law it became as binding as any other part of the opinion. In this connection we commend a perusal of the opinion of the Supreme Court of Alabama in the case of Williams v. Great Sou. R. Co., 158 Ala. 369, 48 So. 485, where that court in a well written opinion, held that in cases of this sort the statute of limitations begins to run from the date of the injury caused by the negligent act.

The Kirton case was decided in 1909; the Collins case was decided in 1934 and when the legislature in 1941 re-enacted sub-paragraph 6 of Section 95.11 it enacted that statute subject to, and to be controlled by, the construction which had theretofore been placed upon it by the Supreme Court in the cases, supra.

In Depfer v. Walker, 125 Fla. 189, (text 197), 169 So. 660, we said:

"It is urgent that the court in its opinion of June 24, 1936, overruled State ex rel. Carter v. Call, 64 Fla. 144, 59 So. 789. It is also urged that Section 4968 Revised General Statutes of 1920, Section 7055, Compiled General Laws of 1927, was considered and construed in State ex rel Carter v. Call, that since decision in 1912, the legislature in 1919 re-enacted Section 7055, Compiled General Laws of 1927, and that in such re-enactment the construction contended for in State ex rel. Carter v. Call, was approved and became a part of the statutory law of the state.

"The rule contended for is correct and has often been approved by this and other courts. Gray v. Standard Dredging Co., 109 Fla. 87, 111 Fla. 149, 149 So. 733; Layne v. Tribune Co., 108 Fla. 177, 146 So. 234; State v. Ensley, 177 Ind. 483; 97 N.E. 113; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Ex Parte Carey 306 Mo. 287, 267 S.W. 806; People ex rel. v. Stewart, 281 Ill. 365, 118 N.E. 55; Hecht v. Malley, 265 U. S. 144, 44 Sup. Ct. 462, 68 L. ed. 949."

From this it appears to this writer that there is no escape from the conclusion that the present act is now just the same as if the prior decisions of this court construing the act as it theretofore appeared had been written into the statute itself when it was re-enacted as a part of Florida Statutes of 1941. We may say that this view is supported, however, by decisions from other jurisdictions, as cited in Depfer v. Walker, supra.

Deceased was injured on August 27, 1942. On August 28, 1942, he entered the hospital for treatment. He remained in the hospital for treatment until September 10, 1942, when he was discharged. He returned to the hospital on September 15, 1942, and died there the next day, September 16, 1942, of tetanus resulting from the injury.

The alleged negligence charged as having resulted in death is that reasonable and proper care of the deceased required that he be given tetanus antitoxin, that the defendant failed to give this treatment and that the negligent failure to give such treatment resulted in death.

The record shows that for the administration of tetanus antitoxin to be effective it should be given within twenty-four hours after injury and that it is practically ineffective if administered more than two or three days after the injury.

So it is that if the failure to administer tetanus antitoxin was negligence which caused the death, the negligence occurred between August 28th 1942 and September 10, 1942. The suit was not filed until September 12, 1944, which was at least 2 years and 2 days after alleged negligent act and was after the two year limitation fixed by statute for the institution of the suit had expired.

Under this state of the record, when the evidence showed that it was not possible for the alleged negligent act to have

occurred within two years prior to the institution of the suit, the defendant had the legal right to interpose its plea of the statute of limitations and it was reversible error for the court to decline to allow the plea to be filed.

For this reason, the judgment should be reversed and the cause remanded for further proceedings not inconsistent with these views.