320 So.2d 418 (1975)
Susan WALKER, As Widow of Charles M. Walker, Deceased, Appellant,
v.
BEECH AIRCRAFT CORPORATION, a Foreign Corporation, et al., Appellees.
No. 74-1652.
District Court of Appeal of Florida, Third District.
October 14, 1975.
Rehearing Denied November 3, 1975.
*419 Carl H. Hoffman, Miami, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl and Calvin F. David and Richard J. Thornton, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant, plaintiff and cross-plaintiff in the trial court, brings this appeal from an adverse summary final judgment in which the trial court held that a wrongful death claim brought by her, as widow of the decedent, was barred by the two year statute of limitations.
Appellant's basic contention on appeal is that her wrongful death claim brought pursuant to § 768.01, Fla. Stat., F.S.A., is not barred by the two year statute of limitations on such actions set forth in § 95.11(6), Fla. Stat., F.S.A. As grounds for her contention, appellant submits that her claim was not barred because the statute of limitations did not begin to run until she discovered or should have discovered the engineering defect which gave rise to her cause of action against appellee, Beech Aircraft Corporation, and that Beech waived the statute of limitations by filing an indemnity cross claim against her. This latter ground, for purposes of this appeal, was abandoned based upon this Court's ruling in the case of Horace Mann Insurance Co. v. DeMirza, Fla.App. 1975, 312 So.2d 501, decided subsequent to the date this appeal was filed.
Appellees contend that the trial court did not err in entering its summary final judgment and holding as a matter of law that appellant's cause of action was barred by the statute of limitations.
On January 18, 1970, Elliot M. Griffin, J. Paul Keen, Robert Fitton, and Charles M. Walker, appellant's husband, were all killed when the aircraft, manufactured by Beech, in which they were flying crashed into the ground. At the time of the crash, Walker was pilot of the aircraft. Timely complaints were filed pursuant to the wrongful death statute, §§ 768.01-768.04, Fla. Stat., F.S.A., against Beech on behalf of all persons having the right to sue, with the sole exception of appellant.
Prior to these suits being filed, appellant retained counsel for the express purpose of filing a complaint against Beech. However, based upon her counsel's evaluation of such cause of action, appellant did not file a complaint.
As a result of the litigation by Griffin, Beech, in November, 1973, filed an indemnity cross claim against appellant as administratrix of her husband's estate. After this cross-claim was filed, appellant became active in the Griffin litigation, and on December 13, 1973, she filed her answer to Beech's cross-claim. Included in this answer was a cross claim by appellant for the wrongful death of her husband.
The Griffin trial was held in February, 1974. Although all cross-claims were severed for separate trial, appellant was present as a defendant. After one week of trial, the Griffin litigation was settled. However, during the trial, appellant learned that a design error had been made by Beech which may have caused the aircraft to crash. As a result of this information, appellant filed an independent wrongful death action against Beech wherein fraudulent concealment was specifically alleged in avoidance of the two year statute of limitations on wrongful death actions.
Subsequently, Beech moved for summary final judgment, and on November 4, 1974, the trial court entered its summary final judgment. This judgment held that there was no genuine issue as to any material *420 fact and that Beech was entitled to a judgment in its favor as a matter of law on appellant's claims brought in her capacity as the widow of Charles M. Walker, deceased, because her claim in that capacity was barred by the two year statute of limitations on wrongful death actions. It is from this judgment that appellant brings this appeal.
Section 95.11(6), Fla. Stat., F.S.A., provides that an action arising on account of an act causing a wrongful death must be commenced "within two years." However, the Florida Legislature did not specify when the statute begins to run, i.e., whether, as appellees contend, the two year period begins to run from the date of death, or whether, as appellant contends, from the time the person entitled to sue discovers or should have discovered the particular cause of death, even though the date of death is known.
It is our opinion that the intent of § 95.11(6), Fla. Stat., F.S.A., is to limit the commencement of actions to two years from the time of their accrual. Here, appellant's cause of action accrued at the date of her husband's death, which fact was known to appellant as of the date of death, and the two year statute of limitations commenced to run on that date. See St. Francis Hospital v. Thompson, 1947, 159 Fla. 453, 31 So.2d 710, 174 A.L.R. 810; Grissom v. North American Aviation, Inc., 326 F. Supp. 465 (M.D.Fla. 1971); and 97 A.L.R.2d 1151, 1154 (1964). Therefore, we feel, in the case sub judice, that the summary final judgment entered by the trial court holding appellant's cause of action for wrongful death to be barred by the statute of limitations as a matter of law was correct.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the summary final judgment appealed is affirmed.
Affirmed.