362 So.2d 103 (1978)
Rufus ALFORD, Administrator of the Estate of Brenda Ann Alford, Deceased, Appellant,
v.
Glenn O. SUMMERLIN, Appellee.
No. DD-262.
District Court of Appeal of Florida, First District.
August 22, 1978.
*104 Anderson E. Hatfield, Gainesville, for appellant.
L. William Graham and Joe C. Willcox, of Dell, Graham, Willcox, Barber, Rappenecker, Ryals & Henderson, Gainesville, for appellee.
MILLS, Judge.
Mr. Alford filed a complaint against Dr. Summerlin charging the doctor with medical malpractice resulting in the death of his minor daughter. Dr. Summerlin moved to dismiss the complaint on the ground that it was barred by the two-year statute of limitations. The trial court granted the motion to dismiss on authority of Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976). Mr. Alford appeals.
Mr. Alford contends the trial court erred in granting the motion to dismiss because he alleged in his complaint that the doctor fraudulently concealed the negligent treatment of his daughter and then fraudulently concealed the cause of death from him, thus, tolling the statute of limitations.
The doctor contends that the child's death put her father on notice of any injury which may have resulted from his alleged medical malpractice so as to require Mr. Alford to make reasonable inquiry to discover any cause of action for his daughter's death and to commence suit on any action within two years of the date of his daughter's death.
The allegations of the complaint necessary for consideration of the issues raised by this case are: upon initial hospitalization, the child's condition was diagnosed as acute appendicitis or mesenteric adenitis. The doctor negligently failed to surgically open the child to exclude his initial diagnosis of acute appendicitis. She was discharged after one day in the hospital, although vomiting and complaining of stomach pain. She was readmitted nine days later. The doctor operated on the child but she died nine days later. Immediately after the operation the father inquired of the doctor if he had found a ruptured appendix. The doctor responded that the appendix had not ruptured. The doctor knew that the child's appendix had ruptured and so stated in his operative report. However, the doctor put statements in the hospital records which were inaccurate or unsupported in order to confuse the records and the cause of the child's death. Upon inquiry by the father after the child's death, the doctor told him he did not know why she died, when he knew or should have known her death was caused by complications resulting from the untreated ruptured appendix.
Mr. Alford's daughter died on 27 September 1972. Suit for her wrongful death was commenced on 30 December 1974. Unless tolled by acts of fraudulent concealment by the doctor, the action is barred by the two-year statute of limitations provided in Section 95.11(4)(b), Florida Statutes (1975).
Section 95.11(4)(b) provides:
"An action for medical malpractice shall be commenced within two years from the time the incident giving rise to the action *105 occurred or within two years from the time the accident is discovered, or should have been discovered with the exercise of due diligence: however, in no event shall the action be commenced later than four years from the date of the incident or occurrence out of which the cause of action accrued."
The statute of limitations is tolled when it can be shown that fraud has been perpetrated upon an injured party sufficient to place him in ignorance of his right to a cause of action or to prevent him from discovering the injury. Buck v. Mouradian, 100 So.2d 70 (Fla.3d DCA 1958). The fraudulent concealment of facts showing negligence will toll the statute of limitations until the fraudulent concealment can be discovered through the exercise of reasonable diligence. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976). To hold otherwise, would be a harsh rule and prevent relief to an injured party who was without notice during the statutory period of any negligent acts that might have caused injury. City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954).
We must take the allegations of the complaint as true. The only facts we have before us are those alleged in the complaint. These facts show that the doctor fraudulently concealed his negligent treatment of the minor child and fraudulently concealed the cause of her death. Based on the allegations of the complaint, there were no facts which would have caused Mr. Alford to believe that the doctor negligently treated his daughter and that the negligent treatment caused the death of his daughter until shortly before he filed this action.
Dr. Summerlin argues that the death of the child put Mr. Alford on notice of any injury which may have resulted from malpractice in her treatment so as to require him to make reasonable inquiry to discover any cause of action for her death and to commence suit on the action within two years from date of death.
Not so. The only facts we have are those alleged in the complaint which we must consider as true. These allegations clearly show fraudulent concealment of negligent treatment and cause of death which toll the running of Section 95.11(4)(b). Mr. Alford has the right and the obligation to adduce evidence to support the allegations of his complaint. If he fails to do this at the appropriate time, the trial court may then rule on the applicability of the statute of limitations. In Nardone, the court did not rule on the applicability of the statute of limitations until extensive discovery and evidentiary hearings had been conducted. The court had all of the evidence, pro and con, before it on this issue before it ruled.
Dr. Summerlin also urges that the statute of limitations was not tolled because the hospital records disclosing the causes of the child's death were always available to her father. There is nothing in the record, the complaint, furnished us to support this contention.
Although Nardone differs factually and procedurally from this case, the general principles of law stated in Nardone are applicable here and we have applied them to the limited pleading situation presented by this case.
The final order appealed is reversed and we remand to the trial court for further appropriate action.
BOYER, Acting C.J., and SMITH, J., concur.