422 So.2d 1043 (1982)
The ESTATE of James JAMES, by His Personal Representative, Rolena James, and Rolena James, Individually, Appellants,
v.
MARTIN MEMORIAL HOSPITAL, a Florida Corporation, Radiology Associates of Stuart, a Florida Corporation, David MacMillian, M.D., Jointly and Severally, Appellees.
No. 81-1826.
District Court of Appeal of Florida, Fourth District.
December 1, 1982.
*1044 Bruce L. Randall, Fort Lauderdale, for appellants.
G. Bruce Hill and Jeffrey C. Fulford of Adams & Hill, Orlando, for appellee-Martin Memorial Hospital.
Basil S. Diamond and Steven A. Stinson of Walton Lantaff Schroeder & Carson, West Palm Beach, for appellee-Radiology Associates of Stuart.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellee-David MacMillian, M.D.
HERSEY, Judge.
In this action to recover damages for death allegedly resulting from medical malpractice the trial court granted a motion to dismiss the complaint with prejudice. Appellant James was injured in an automobile accident on May 20, 1979, for which he was treated by appellees in their respective medical capacities until his death four days later. Appellants filed a complaint on May 27, 1981, alleging various acts of malpractice. The trial court granted a motion to dismiss the complaint on the grounds that: the statute of limitations is two years; the limitation period commences to run from the date of death; the date of death appears on the face of the complaint; and, the complaint was filed two years and three days after the date of death.
We do not give credence to appellants' argument that because the complaint was "mailed" to the court prior to May 24th it was timely filed. Rule 1.050, Florida Rules of Civil Procedure controls here and provides that an action is deemed commenced when the complaint is filed with the court. If the crucial date is May 24th then the statute of limitations bars appellants' action. The ultimate question is: what is the crucial date.
It has been considered black letter law that the statute of limitations in wrongful death actions based upon medical malpractice begins to run from the date of death. Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975). See, e.g., Fletcher v. Dozier, 314 So.2d 241 (Fla. 3d DCA 1975); Moorey v. Eytchison & Hoppes, Inc., 338 So.2d 558 (Fla. 2d DCA 1976); St. Francis Hospital, Inc. v. Thompson, 159 Fla. 543, 31 So.2d 710 (1947). In Worrell v. John F. Kennedy Memorial Hospital, Inc., 384 So.2d 897 (Fla. 4th DCA 1980), we detailed the history of the statute of limitations, pointing out that the notice accrual provisions of the medical malpractice statute of limitations had not been extended to actions involving death. While that case was reversed on other grounds in Dober v. Worrell, 401 So.2d 1322, 1323 (Fla. 1981), the supreme court noted: "We agree with the district court in its construction and application of the applicable statute of limitations."
The legislature subsequently revised the statute and as presently in force and applicable to this case it provides:
An action for medical malpractice shall be commenced within two years from the time the incident giving rise to the action occurred or within two years from the time the incident is discovered or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. `Action for medical malpractice' is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. (Emphasis added.)
§ 95.11(4)(b) Fla. Stat. (1979).
Under this provision the crucial date is either the date of the "incident," (the act of malpractice which caused injury and in this case, death), or the time the incident is or should have been discovered. This represents a substantial change in the law, particularly in regard to the former rule that the limitations period commences to run on the date of death. Under the current statute that is not necessarily the case.
*1045 We next consider which party bears the burden of pleading and proof in an action contemplated by this statute. Generally, failure of the complaint to anticipate an affirmative defense does not furnish grounds for dismissal when an affirmative defense is asserted. To this fundamental principle Rule 1.110(d), Florida Rules of Civil Procedure has engrafted an exception: where the crucial facts appear on the face of a prior pleading, in this case the complaint, that prior pleading is subject to an attack by motion under Rule 1.140(b), Florida Rules of Civil Procedure.
In the instant case there was no allegation as to the date on which the "incident" (act of medical malpractice) was discovered nor was it necessary to allege the date in order to state a cause of action for medical malpractice. To require such an allegation to be asserted in the complaint would compel the plaintiff to anticipate the affirmative defense of the statute of limitations which we have previously held he is not required to do.
We therefore agree with the first district that the plaintiff has no such burden. In Glass v. Camara, 369 So.2d 625, 628 (Fla. 1st DCA 1979), that court said: "We hold that a defendant invoking the two-year limitation period prescribed by Section 95.11(4)(b) for medical malpractice actions must demonstrate that the action was commenced beyond two years after `the time the cause of action [was] discovered or should have been discovered with the exercise of due diligence.'"
The complaint in this case did not, and we now hold it need not, contain an allegation that the alleged medical malpractice was discovered or discoverable at a particular time. Thus the complaint was not vulnerable to a motion to dismiss based upon the statute of limitations.
Because we reverse on this basis it is unnecessary to treat appellants' argument that the possible existence of one of the factors detailed in Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976) and Almengor v. Dade County, 359 So.2d 892 (Fla. 2d DCA 1978), while not alleged in the complaint, nonetheless precluded dismissal based upon the statute of limitations. However, reliance on a Nardone factor would engender more confidence if the initial pleading contained at least a bare bones assertion of active concealment. We are in accord with the reasoning of the first district that such factors apply in an action for death caused by medical malpractice. See Alford v. Summerlin, 362 So.2d 103 (Fla. 1st DCA 1978).
The order granting the motion to dismiss was erroneously entered because the essential elements to support the affirmative defense of the statute of limitations neither appear nor need to appear on the face of the complaint. We therefore reverse and remand for further proceedings.
REVERSED and REMANDED.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.