## LAROCCA, etc. v HUMANA OF FLORIDA, INC., etc.

Case No. 89-8435

Thirteenth Judicial Circuit, Hillsborough County

June 14, 1991

### APPEARANCES OF COUNSEL

**Mac A. Greco, Jr., Esquire,** for plaintiff.

**A. Broaddus Livingston, Esquire,** for defendant.

### OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

*ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

This cause came before the court on Defendant's Motion for Sum-

mary Judgment heard on May 31, 1991, with A. Broaddus Livingston, Esq., appearing on behalf of the Defendant, Humana of Florida, Inc., and Mac A. Greco, Jr., Esq., appearing on behalf of the Plaintiff, Cathleen L. LaRocca.

## BACKGROUND FACTS AND ISSUES PRESENTED

Plaintiff, Cathleen L. LaRocca (LaRocca) was a patient at Humana Women's Hospital, owned by defendant, Humana of Florida (Humana). On or about September 27, 1986, LaRocca gave birth to Brittany L. LaRocca, at Humana hospital. On September 28, 1986 Brittany had a cardiorespiratory arrest while in Humana's newborn nursery. Following the arrest, Brittany was brain damaged and remained in a chronic vegetative state until her death on April 20, 1987.

Humana was first notified of LaRocca's wrongful death action on April 4, 1988, in a letter by Thomas H. Singletary, as representative of LaRocca. In response to that letter, Humana provided medical records to LaRocca on April 14, 1988. Humana was then contacted by attorney Mac A. Greco, Jr. on July 15, 1988, who requested the medical records of Brittany LaRocca on behalf of plaintiff. The requested records were supplied by Humana on July 21, 1988.

LaRocca filed the present suit for wrongful death, based on medical malpractice, on April 19, 1989. Specifically, LaRocca alleges that Humana, its agents, servants or employees, inadequately and improperly monitored the decedent while she was a patient at Humana hospital, that the attending nurse had failed to note or receive an appropriate history of the deceased (that Brittany had been a merconium-stained infant in fetal distress), and that the attending nurse failed to render immediate CPR upon finding the deceased in respiratory arrest.

Defendant Humana now moves this court for the entry of a summary judgment in its favor. As grounds for its motion, Humana claims that LaRocca failed to file her complaint within the medical malpractice statute of limitations. *Fla. Stat.* § 95.11(4)(b). Humana's motion alleges that the two year statute of limitation began to run on September 28, 1986, the date of Brittany LaRocca's cardiac arrest. And that since plaintiff failed to file her complaint within two years of that date, her action is time barred.

LaRocca claims that the running of the statute of limitations was tolled due to fraudulent concealment or misrepresentation on the part of Humana. Specifically, LaRocca alleges that Humana concealed the fact that the attending nurse, Patti White, was unaware of the dece-

dent's history of fetal distress and drops in temperature, that nurse White did not immediately begin CPR upon finding the child in cardiac arrest and that the baby was not being monitored in two to four minute intervals, as LaRocca's expert had assumed from a reading of the medical records. LaRocca's basis for these claims is that the above information was not in the medical records and was not discovered until Patti White was deposed on November 28, 1989.

LaRocca also claims that statements made to her by Dr. Rao, a neonatalogist and member of the medical staff at Humana, in the presence of Debonny Stokes, a nurse who was present during the decedent's cardiac arrest, amounted to misrepresentation that was sufficient to toll the running of the statute of limitations. In explaining to LaRocca the condition of decedent, Dr. Rao stated "[w]e don't know what happened." Subsequently, Dr. Rao suggested to LaRocca that the decedent may have been injured as a result of an aborted S.I.D.S. LaRocca claims that the probability of the decedent suffering an aborted S.I.D.S. is virtually non-existent and therefore the diagnosis constitutes a misrepresentation of fact sufficient to toll the statute of limitations.

Humana argues that the existence or non-existence of fraudulent concealment and/or misrepresentation is irrelevant as LaRocca had notice of the injury to decedent on September 28, 1986 and that notice of the injury alone is sufficient to start the running of the statute of limitations. Humana argues further that since the alleged concealment did not prevent LaRocca from discovering any claims of negligence within the two year statutory period, no tolling should occur and LaRocca was required to file her action within two years from the date of the incident.

LaRocca argues that the existence of fraudulent concealment and/or misrepresentation is relevant and that there are sufficient questions of fact, as to whether the actions of Humana hospital amounted to fraudulent concealment and misrepresentation, to make this action inappropriate for summary judgment. This court agrees.

## DISCUSSION

As counsel for both parties point out, *Fla. Stat.* § 95.11(4)(b) provides the statute of limitation requirements that govern wrongful death actions based on medical malpractice. This statute gives a plaintiff two years from the date of the incident, or the date the incident was or should have been discovered, to file an action. However, the statute provides that no action may be commenced later than four years after the incident unless it can be shown that fraud,

93

concealment or intentional misrepresentation prevented the discovery of the injury within the four year period. Such a showing would extend the period of limitations two years from the time the injury is discovered, but in no event shall the limitation period extend beyond seven years from the date of the incident.

Humana's first contention is that the allegations of fraudulent concealment and/or misrepresentation are immaterial as the tolling provision of the statute is available only when the claim is not filed within four years of the incident. And that since LaRocca filed her complaint within four years of the incident, she may not avail herself of the tolling provision. The question is, in a situation where a plaintiff fails to file within two years of the incident but does file prior to the expiration of the four year statute of repose, whether the initial two year statute of limitations will be tolled when a defendant fraudulently conceals and/or misrepresents the facts that show their negligence? The case of *Alford v Summerlin,* 362 So.2d 103 (Fla. 1st DCA 1978) answers the above question in the affirmative.

In *Alford,* the plaintiff's daughter died on September 27, 1972 and suit for her wrongful death was commenced on December 30, 1974. Though plaintiff alleged that defendant fraudulently concealed the negligent treatment of his daughter, the trial court granted defendant's motion to dismiss on the ground that the claim was barred by the two year statute of limitation. Relying on the principles of law stated in *Nardone v Reynolds,* 333 So.2d 25 (Fla. 1976) the District Court of Appeal reversed the trial court and held that the two year statute of limitation provided in § 95.11(4)(b), Florida Statutes (1975), is tolled when fraud is operated on an injured party sufficient to place him in ignorance of his right to a cause of action. *Alford* at 105. Although Mr. Alford was unable to prove fraudulent concealment and the court, in the subsequent decision of *Alford v Summerlin,* 423 So.2d 482 (Fla. 1st DCA 1982), admitted that the accrual provision of § 95.11(4)(b) (1975) were incorrectly held to act retrospectively on plaintiff's cause of action, that court's analysis of § 95.11 is sound and will be followed in the case at bar.

In the case of *Barron v Shapiro,* 565 So.2d 1319 (Fla. 1990) the Florida Supreme Court applied the two year limitation of § 95.11 and held that Mrs. Shapiro's action was time barred. The court in *Barron* held that the Shapiro's were on notice of Mr. Shapiro's injury more than two years prior to the filing of the action, and that since there was no fraudulent concealment, the opportunity to file her claim had passed. *Id.* at 1321. In *Barron* the Supreme Court recognized that the existence of fraudulent concealment would toll the running of the two

94

year limitation of § 95.11(4)(b). *Id.* It follows that a plaintiff who files after two years from the incident but prior to the expiration of the period of repose, may avail themselves of the tolling provisions where a defendant's successful, fraudulent concealment of negligence can be shown.

Humana also offers the argument that regardless of the alleged fraudulent concealment and/or misrepresentation, LaRocca had notice of the injury to decedent as of September 28, 1986 and notice alone is sufficient to start the running of the statute of limitations. It is undisputed that LaRocca was aware of Brittany's condition as of September 28, 1986. However, LaRocca asserts that statements made to her by Dr. Rao and the omission of certain information from the medical records, constitutes misrepresentation of fact and/or fraudulent concealment, which prevented her from discovering the alleged negligence.

Humana is correct in its general statement of the law that notice of either the injury or the negligent act commences the statute of limitation. *Menendez v Public Health Trust of Dade County, Florida,* 566 So.2d 279 (Fla. 3d DCA 1990); *Barron v Shapiro,* 565 So.2d 1319 (Fla. 1990); Nardone v Reynolds, 333 So.2d 25 (Fla. 1976). However, the court cannot agree with Humana's contention that fraudulent concealment and/or misrepresentation is material only when it prevents a plaintiff from discovering the injury. In *Menendez v Public Health Trust of Dade County, Florida,* the Third District affirmed the circuit court's summary judgment as to the defendant, Dr. O'Sullivan, and held that the plaintiff's claim was barred by the four year statute of repose contained in § 95.11(4)(b). On July 18, 1981, Mrs. Menendez underwent a Cesarean delivery of a baby girl, Adaris. In April of 1982, Mrs. Menendez was informed that Adaris had cerebral palsy and other medical problems. In January of 1984, a physical therapist informed Mrs. Menendez that she thought that hemorrhaging during pregnancy had caused Adaris' brain damage. The Menedezes[sic] filed a complaint on September 30, 1985, more than four years after the birth of Adaris. Although the claim was held to be barred by the four year statute of repose, since the Menendezes discovered the alleged negligence within that period, the court, citing *Nardone,* recognized that even where a plaintiff has notice of the injury, "when defendants actively misrepresent or conceal their negligence, or conceal known facts relating to the cause of injury, the statute of limitations does not begin to run until plaintiff is able to discover the negligence." *Menendez,* at 281.

Following the language of *Menendez* and *Nardone,* if it is shown in the case at bar that Humana actively made misrepresentations of fact

**95**

or concealed their negligence from LaRocca, the running of the two year limitation will have tolled until the time that LaRocca through reasonable diligence did or should have discovered the alleged negligence.

Humana contends further that any alleged fraudulent concealment and/or misrepresentation did not prevent LaRocca from discovering the claimed negligence within two years from the date of the injury so that LaRocca was required to file within that time period. The injury to Brittany LaRocca occurred on September 28, 1978. Counsel for Humana suggests that LaRocca, at the latest, had knowledge of all facts sufficient to put her on notice of a possible invasion of her rights on July 15, 1988, the date the second attorney requested medical records. Humana argues that since LaRocca had notice of her possible cause of action approximately two months prior to the end of the two year period since the injury, she had ample time to and was required to file within that period, or be barred by the statute of limitation.

Humana brings to the court's attention language in the *Menendez* case in which the District Court held that the alleged fraudulent concealment of defendant's negligence was immaterial since plaintiffs were informed of defendant's possible negligence approximately eighteen months prior to the expiration of the statute of repose. This court is also aware of similar decisions in which a defendant's fraudulent concealment was held irrelevant if plaintiff was able to discover the negligence prior to the expiration of the statute of repose. *Cobb v Maldonado,* 451 So.2d 482 (Fla. 4th DCA 1984), *reh'g denied* 451 So.2d 482 (Fla. 4th DCA 1984) (plaintiff's claim held to be time barred where fraudulent concealment of defendant's negligence was not discovered until the last day of the four year limitation period).

However, the case at bar does not involve the application of the four year statute of repose provided in § 95.11(4)(b). Humana's argument is that LaRocca's notice, within two years of the injury, should be given the same treatment as a plaintiff who discovers the concealed negligence prior to the expiration of the four year statute of repose. This court is unable to agree with Humana's reasoning. A statute of repose differs from a statute of limitation in that the former cuts off a right of action after a specified time which is measured from the incident of malpractice, where the latter establishes a time period within which the action must be brought measured from the point in time when the cause of action accrued. *Bauld v J.A. Jones Construction Co.,* 357 So.2d 401 (Fla. 1978). The commencement of a statute of repose is independent of the accrual of a plaintiff's cause of action where a statute of limitation derives its existence from such a happening.

96

Therefore, by following the law of *Barron v Shapiro* and *Nardone v Reynolds,* in a situation where the negligence of a defendant is fraudulently concealed or facts are misrepresented, as LaRocca alleges, the running of the statute of limitation is effectively tolled until the negligence is discovered, and the cause of action necessarily accrues. In recognizing the fundamental differences between provisions of repose and limitation, this court finds that the law as it is applied to statutes of repose is not applicable to a situation involving a statute of limitation, such as the case at bar. It follows that the issue of fraudulent concealment must be explored in order to determine whether LaRocca's claim is time barred.

The question now becomes whether it is proper for the court to rule on the actuality of the fraudulent concealment and/or misrepresentation claim. In order to prove the existence of fraudulent concealment, the plaintiff must show that the cause of action was concealed and that fraudulent means were used to achieve the concealment. *Nardone v Reynolds,* 333 So.2d 25 (Fla. 1976) LaRocca alleges that the statement of "[w]e don't know what happened" made by Dr. Rao in the presence of Nurse Stokes constitutes fraudulent concealment, while Dr. Rao's diagnosis of an aborted S.I.D.S. as the cause of Brittany's condition is claimed by LaRocca to constitute a misrepresentation of fact. LaRocca further accuses Humana of fraudulent concealment in that the medical records received by her failed to reveal the fact that Brittany did not receive immediate CPR or that Nurse White was unaware of Brittany's medical history. This court is unable to hold as a matter of law, that there was no fraudulent concealment and/or misrepresentation of fact.

This court finds that there is a material question of fact as to whether Humana fraudulently concealed and/or misrepresented facts concerning their alleged negligence, and whether such misrepresentation and/or fraudulent concealment prevented LaRocca from discovering the alleged negligence. Additionally "[i]f the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted for the jury as a question of fact to be determined by it." *Moore v Morris,* 475 So.2d 666, 668 (Fla. 1985). There is also a question of fact as to Dr. Rao's capacity while he was in communication with Ms. LaRocca. While Humana claims Dr. Rao is not an agent of Humana, Ms. LaRocca alleges that he was an apparent agent of Humana. Such an issue is appropriate for the jury.

## CONCLUSION

The existence or non-existence of fraudulent concealment and/or

**97**

misrepresentation of fact is material to a finding that LaRocca's claim is barred by the time limitation requirements. Also material to the decision is whether the alleged fraudulent concealment actually prevented LaRocca from discovering her cause of action.

It is, therefore, ORDERED AND ADJUDGED that defendant's request for a summary judgment is denied.

DONE AND ORDERED this 14th day of June, 1991.