Iris RAIE, et al., Plaintiffs,

v.

CHEMINOVA, INC., et al., Defendants.

No. 8:02CV1405T26TGW.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 23, 2002.

---

1298

L. Robert Bourgeois, Fowler White Boggs Banker, P.A., Tampa, FL, Val Patrick Exnicios, Liska, Exnicios & Nungesser, Gladstone N. Jones, Kevin E. Huddell, Jones, Verras & Freiberg, L.L.C., New Orleans, LA, Bryan K. McMinn, Maher, Guiley & Maher, P.A., Winter Park, FL, Spiro J. Verras, Paul A. Gionis, Jones, Verras & Freiberg, LLC, Tampa, FL, for Plaintiffs.

G. Calvin Hayes, Holland & Knight, LLP, Tampa, FL, Randal R. Craft, Jr., Christopher G. Kelly, Loren Zeitler, Haight Gardner Holland & Knight, New York City, Joseph H. Varner, III, Knopik-KriegerVarner, Tampa, FL, for Defendants.

## ORDER

LAZZARA, District Judge.

Before the Court is Defendants' Motion to Dismiss and supporting memorandum (Dkt. 8), Plaintiffs' Memorandum in Opposition (Dkt. 16), and various declarations. (Dkts. 17, 18, 19, and 20). After careful consideration of the allegations of the Complaint and the arguments made, the Court concludes that the motion to dismiss should be granted.

█ In this wrongful death action, Defendants assert that the two-year statute of limitation applies. On July 3, 1997, Scott Walter Raie's neighborhood was sprayed with Fyfanon ULV. He had been working outside in the yard all that day. That evening he had experienced skin irritation, nausea, diarrhea, headache and loss of appetite. Scott Raie died the next day, July 4, 1997. An autopsy determined that the cause of death was "Seizure Disorder." His family did not question the cause of death, because Scott had suffered from a seizure condition since he was five years old.

█ Defendants assert that the two-year statute of limitation required that the action be filed on or before July 5, 1999, which was two years from the date of death.[1] Plaintiffs filed this action in state court on May 29, 2002. Defendants removed the case to this Court on August 5, 2002, based on diversity jurisdiction.

Over the years Florida courts have uniformly and rigidly enforced the two-year statute of limitation for the statutory cause of action of wrongful death. See, e.g., Walker v. Beech Aircraft Corp., 320 So.2d 418, 420 (Fla.Dist.Ct.App.1975) ("appellant's cause of action accrued at the date of her husband's death, which fact was known to appellant as of the date of death, and the two year statute of limitations com-

---

1. The applicable statute of limitation is section 95.11(4)(d), Florida Statutes (1997) (action for wrongful death must be commenced within two years). A statute of limitation applies prospectively "unless the legislative intent to provide retroactive effect is express, clear and manifest." Homemakers, Inc. v. Gonzales, 400 So.2d 965, 967 (Fla.1981). Nothing has been presented to this Court which indicates that the statute of limitation for wrongful death has changed since 1997, or if there was any change, that the change would be applicable to this case.

menced to run on that date"). The strict application came about in the adherence to only one possible "accrual" date for the cause of action for wrongful death—the time of death. *See Fulton County Administrator v. Sullivan,* 753 So.2d 549, 552 (Fla.1999) (citing *St. Francis Hosp. v. Thompson,* 159 Fla. 453, 31 So.2d 710 (1947) and § 95.11(4)(d), *Fla.Stat.* (1985)). The parties have cited no Florida case which has extended the accrual date under any statutorily-created precedent or judicially-created theory such as the "delayed discovery" doctrine.

Nevertheless, Plaintiffs assert that the delayed discovery doctrine does apply in this case, because they did not learn that the Fyfanon product may have caused Scott Raie's injuries until May 2001.[2] Although there is no case directly on point, Florida courts have addressed the delayed discovery doctrine and noted the confusion regarding its application. *See, e.g., Hearndon v. Graham,* 767 So.2d 1179, 1184 (Fla. 2000).[3] The delayed discovery doctrine "generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." *Hearndon,* 767 So.2d at 1184.

In *Hearndon,* the Florida Supreme Court made it clear that the delayed discovery doctrine does not "toll" the statute of limitation, rather it may be applied to the time a cause of action "accrues" or when an action may be brought. *See id.* at 1184–85.[4] While the Florida Legislature limits the justification for tolling limitation periods, the legislature does not limit the circumstances under which accrual of a cause of action may be delayed. *See id.* at 1185. The Florida Supreme Court receded from their past decisions that applied the delayed discovery doctrine to "toll" the running of a statute of limitation. *See id.* at 1185.

Under the specific facts of *Hearndon,* the court applied the delayed discovery doctrine to a tort case of childhood sexual abuse in which the victim suffered from traumatic amnesia. The Florida Supreme Court espoused that the delayed discovery doctrine is well-established in cases involving medical malpractice and therefore would be "patently unfair to deny its use to victims of a uniquely sinister form of abuse" such as sexual abuse. *See id.* at 1186. The *Hearndon* court reasoned that the application of the delayed discovery doctrine was consistent with its application to tort cases generally. *See id.*

Undoubtedly, Hearndon contains some very broad language. At least two Florida appellate courts have interpreted the Hearndon case with respect to certain causes of action and have reached different conclusions. The Fifth District Court of Appeal held that the delayed discovery doctrine does not apply to actions for tortious interference with business relationships, defamation, or unfair and deceptive

---

2. Scott Raie's mother learned about the consequences of the spraying of Fyfanon after receiving a letter from a friend. Her friend told her about the class action pending in federal court and also enclosed two articles about the ill effects on the central nervous system caused by Medfly spraying.

3. Various legal theories, both statutorily-created and judicially-created, operate to deflect the statute of limitations. *See Major League Baseball v. Morsani,* 790 So.2d 1071, 1076–77 (Fla.2001).

4. "The distinction in Florida law between accrual of a cause of action and the tolling of a statute of limitation is mirrored in federal law." *Id.* at 1185 n. 2.

trade practices. *See Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipment, Co.,* 793 So.2d 1127 (Fla.Dist.Ct.App.2001), *rev. denied,* 817 So.2d 853 (Fla.2002). The appellate court expressed its view of the Hearndon case and wrote that "Hearndon was intended to be limited to its unique facts." *See id.*

The Fourth District Court of Appeal reached a different conclusion. *See Monahan v. Davis,* 781 So.2d 436 (Fla.Dist.Ct.App.), *rev. granted,* 799 So.2d 217 (2001). In *Monahan,* the court reasoned that the legislature in section 95.031(2), *Florida Statutes,* limited the application of the delayed discovery doctrine in cases of fraud and products liability "under s. 95.11(3)." *See id.* at 438. The causes of action at issue in *Monahan* were breach of fiduciary duty, civil theft, conspiracy, conversion, and unjust enrichment arising from the misappropriation of an elderly woman's various financial holdings. The appellate court reversed the trial court's summary judgment order which had dismissed the claims as untimely, holding that the issue of whether the delayed discovery doctrine should be applied to a particular case raises issues of fact. *See id.* at 440.[5]

██ Having reviewed Florida law, this Court finds that in Florida, the delayed discovery doctrine is inapplicable to a wrongful death cause of action. Florida courts have consistently held that the statutory cause of action for wrongful death accrues at the time of death, and not when survivors at some indefinite point in the future realize that the cause of death may be actionable.[6] No opinion has surfaced indicating that the Florida Supreme Court intended to extend the delayed discovery doctrine to wrongful death actions, and no intermediate state appellate court has applied it to a wrongful death action. Absent any clear authority to the contrary, this case for wrongful death is time-barred.[7] Having rendered this decision, all other issues are moot.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (Dkt. 8) is **GRANTED.** This cause is hereby dismissed. The Clerk of this Court is directed to enter a judgment in favor of Defendants and against Plaintiffs dismissing this action.

---

**5.** One federal district court has even extended the delayed discovery doctrine to a contract case. *See Allapattah Serv. Inc. v. Exxon Corp.,* 157 F.Supp.2d 1291, 1310–11 (S.D.Fla.2001) ("While *Monahan* admittedly did not apply to a contract claim based on common law, its analysis lends support to the argument that the Florida Supreme Court would reach the same conclusion even if contract claims were involved.").

**6.** Florida law recognizes a distinction between the statute of limitation for a cause of action for medical malpractice and one for wrongful death. *See* §§ 95.11(4)(b) (provid-

ing for a 2–year discovery rule), (d) (providing no 2–year discovery rule), *Fla.Stat.* (1997).

**7.** Even though the proposed federal class action of *Rink v. Cheminova,* Case No. 8:99–cv–1097–T–26TBM was filed on May 7, 1999, 59 days before the two-year statute of limitation ran, permission to appeal class certification was denied on September 21, 2001. Plaintiffs did not file this action until May 29, 2002, far more than 59 days after the ruling on the class certification. In any event, the *Rink* case did not include any claims for wrongful death.